NIELSEN MERKSAMER
 PARRINELLO GROSS & LEONI LLP
MARGUERITE MARY LEONI, ESQ. (S.B. No. 101696)
CHRISTOPHER E. SKINNELL, ESQ. (S.B. No. 227093)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone:  (415) 389-6800
Facsimile:    (415) 388-6874
Email: mleoni@nmgovlaw.com
Email: cskinnell@nmgovlaw.com

*Attorneys for Intervener-Defendant*
CALIFORNIANS TO DEFEND THE OPEN PRIMARY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EMIDIO "MIMI" SOLTYSIK & JENNIFER MCCLELLAN, <br><br>  *Plaintiffs,* <br><br> vs. <br><br> ALEX PADILLA, California Secretary of State & DEAN LOGAN, Registrar/Recorder/County Clerk of the County of Los Angeles, <br><br>  *Defendants,* <br><br> CALIFORNIANS TO DEFEND THE OPEN PRIMARY, <br><br>  *Proposed Intervener-Defendant.* | Case #2:15-cv-07916-AB-GJSx <br><br> **DECLARATION OF VIGO G. NIELSEN, JR., IN SUPPORT OF CALIFORNIANS TO DEFEND THE OPEN PRIMARY'S MOTION TO INTERVENE** <br><br> JUDGE: Hon. Andre Birotte, Jr. <br> COURTROOM: 4 <br> HEARING DATE: Dec. 14, 2015 <br> TIME: 10:00 a.m. |

## DECLARATION OF VIGO G. NIELSEN, JR.

I, VIGO G. NIELSEN, JR., declare under penalty of perjury:

1. I am over 18 years of age. I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I am one of the officers of Californians to Defend the Open Primary ("CADOP"), a California nonprofit corporation, formerly known as "Californians for an Open Primary."

### A. About Proposition 14.

3. Proposition 14 was enacted by California's voters on June 8, 2010. It amended the California Constitution to provide for a type of open primary election known as "top two", or "voter-nominated primary election" in which a voter may vote at the primary election for any candidate for congressional or state elective office without regard to the political party preference of either the candidate or the voter. The two candidates receiving the two highest vote totals for each office at the primary election, regardless of party preference, would then compete for the office at the ensuing general election. Senate Bill 6 ("SB 6"),[1] was enacted by the California Legislature in 2009 and contains implementing legislation for Proposition 14. It enacted the provisions challenged by Plaintiffs in this lawsuit, California Elections Code §§ 8002.5 and 13105. SB 6 became operative when the voters enacted Proposition 14.

### B. About Californians to Defend the Open Primary.

4. Californians for an Open Primary was formed before Proposition 14 was passed by California's voters. Its sole purpose was and is to educate the public about, to advocate for open, nonpartisan primary elections in

---

[1] Sen. Bill 6 (2009-2010 Reg. Sess.), *codified at* Cal. Stats. 2009, ch. 1.

California, allowing voters to cross party lines in elections for Legislature, statewide elected officials and congressional districts, and to defend Proposition 14 in litigation. As part of its mission (and to comply with California's Political Reform Act, *see* Cal. Gov't Code § 81000 *et seq.*), CADOP created and administered a political committee, Yes on 14—Californians For An Open Primary, that successfully advocated for the adoption of Proposition 14 by California voters. Yes on 14 was primarily formed exclusively to support the passage of Proposition 14 on the ballot; it has no other political purposes. There were no other political committees formed to support Proposition 14.

5. Yes on 14 – Californians for an Open Primary has a direct interest in the continued validity of Proposition 14 and the outcome of this litigation. Yes on 14 raised and spent $4.75 million to advocate for enactment of Proposition 14. Yes on 14 was endorsed by all major California newspapers and supported by a broad range of civic groups including AARP, the Asian Business Association, California School Administrators, the Latin Business Association, the professional Peace Officers Association, and the California Chamber of Commerce.

6. Yes on 14's voice in advocating for and supporting enactment of Proposition 14 was essential to its passage and vital to the dissemination to the voters of its supporters' campaign message. Proposition 14 was and is opposed by the leadership of both of California's major political parties and by nearly all of the minor parties as well, because Proposition 14 would (and did) establish a system for voter-nominated candidates, rather than political party-nominated candidates. *See, e.g.,* February 2010 opposition statement of Senate Republican Caucus, a true and correct copy of which is attached as Exhibit 1; http://www.santacruzsentinel.com/localnews/ci_14356110, true and correct copy attached as Exhibit 2; see also various endorsements

opposing Proposition 14, attached as Exhibit 3. That includes press reports at the time Proposition 14 was placed on the ballot that indicate Secretary of State Padilla's skepticism regarding the measure. *See* Exhibit 4 hereto.[2]

7. While enjoying the support of lame-duck Governor Schwarzenegger, and Senator Abel Maldonado, an outcast in his own party for his support of Proposition 14, Yes on 14 had no support from the political party leadership in the State. There were no party endorsements, mailers, or contributions. Thus, Yes on 14's advocacy and expenditures were essential to passage of Proposition 14, and its interest in the continuing validity of the measure is direct and would be harmed if Plaintiffs are successful in this action.

8. Since Proposition 14 and SB 6 were enacted, CADOP has spent more than $1 million to defend the measures in every level of the federal and state courts, up to and including petitions for review and certiorari in the California and United States Supreme Courts, respectively. Those cases are discussed in more detail below.

9. CADOP has also been active in legislative activities surrounding Proposition 14, to ensure that implementation of the measure is not frustrated by legislative interference with the top-two system. CADOP's

---

[2] Yamamura & Goldmacher, "State Budget: Senator Dangles Deal for His Vote; Democrats Weighing Maldonado's Demands," SAC. BEE (Feb. 19, 2009), p. A1 ("Several Senate Democrats reacted positively to Maldonado's proposal to ban legislative raises in deficit years and expressed some interest in the plan to eliminate pay once budgets are late. But they were skeptical of the idea to change California elections to an open primary system in which the top-two vote-getters face off in a general election, similar to how many local governments run their contests. [¶] Sen. Alex Padilla, D-Los Angeles, said banning pay raises in deficit years is 'pretty much a no-brainer' but cautioned that placing an open primary on the ballot requires significant review.").

legislative activities include participation in the process leading to the enactment of Assembly Bill 1413 ("AB 1413"),[3] technical clean-up legislation that amended a number of provisions of SB 6 in 2012, including the statutory provisions at issue in this case. *See* CADOP's Lobbyist Employer Reports, *online at* http://cal-access.sos.ca.gov/Lobbying/Employers/Detail.aspx?id=1342812&session=2015&view=activity (last visited Nov. 10, 2015); Assem. Comm. on Elec. & Redistricting, Conc. in Sen. Amdts to AB 1413 (Jan. 26, 2012), p. 7, *online at* http://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201120120AB1413# (identifying CADOP as a registered supporter of the bill) (last visited Nov. 9, 2015).

10. Plaintiffs in this action are seeking to invalidate two provisions of SB 6 on the ground that they are allegedly unconstitutional. If successful, this lawsuit would threaten to undermine voter confidence in the top-two system, lending momentum to the ongoing effort to repeal Proposition 14.[4]

11. One of the chief arguments raised by opponents of Proposition 14 in the 2010 campaign was a claim that politicians would be able to mislead voters as to their party affiliation. The supporters of Proposition 14 responded that this concern was addressed by the fact that the official party registration of each candidate, as shown on the candidate's voter registration, would be presented to the voters. If Plaintiffs in this action have their way, this safeguard would be nullified, and the claims of the measure's opponents—incorrect at the time—would be retroactively validated.

---

[3] Assem. Bill 1413 (2011-2012 Reg. Sess.), *codified at* Cal. Stats. 2012, ch. 3.

[4] *See, e.g.,* Los Angeles County Democratic Party, "Resolution to Repeal the Top Two Primary" (Oct. 8, 2013), *available online at* http://www.lacdp.org/resolution-to-repeal-the-top-two-primary/ (last visited Nov. 6, 2015) (Exhibit 5).

### C. CADOP's Prior Defenses of Proposition 14 In Litigation.

12. CADOP or its sponsored ballot measure committee, Yes on 14, have previously been granted intervention in litigation to defend Proposition 14 on multiple occasions.

13. After Proposition 14 was placed on the ballot, Yes on 14 was granted intervention in a state court action to defend the measure against a collusive action involving the Legislature itself, which sought to diminish the chances that the voters would enact the measure. *Clark v. Bowen, Legislature of the State of California, Real Party in Interest*, Sacramento Superior Court No. Case No. 34-2010-80000460. The ballot title-and-summary and the ballot label are required to be accurate and fair presentations upon which voters can rely to judge competing claims in a campaign. In *Clark v. Bowen*, the plaintiff, an author of the Ballot Argument against Proposition 14, with the consent of the legislative leadership, was asking the Court to amend the language for the ballot title-and-summary and the ballot label so that they tracked his ballot argument against Proposition 14. The changes proposed by the plaintiff would have converted the ballot title and summary and label into campaign advocacy against Proposition 14.

14. By the time the Yes on 14 campaign (*i.e.*, CADOP) learned of the filing of *Clark v. Bowen*, the Legislature had already reached an agreement with plaintiff Clark that the Court could enter an order amending the title and summary and label in accordance with plaintiff's wishes. CADOP requested that the plaintiff Clark and the Legislature stipulate to the intervention of Yes on 14. They refused. CADOP therefore filed an ex parte application to intervene on behalf of Yes on 14, which was granted. Interveners mounted a strong defense and successfully resisted the most egregious changes to the ballot title-and-summary and ballot label proposed by plaintiff and the Legislature in the Sacramento County Superior Court.

That decision was upheld by the Third District Court of Appeal. *See Clark v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1911, *25 (Cal. Ct. App. 3d Dist. Mar. 16, 2010). The same day, the Court of Appeal also overruled Mr. Clark's efforts to rewrite the Legislative Analyst's "Fiscal Effect" analysis for Proposition 14. *See Taylor v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1909 (Cal. Ct. App. 3d Dist. Mar. 16, 2010).

15. CADOP has also intervened in multiple lawsuits following Proposition 14's enactment, including: *Field v. Bowen*, 199 Cal. App. 4th 346 (2011); *Brown v. Bowen*, Case No. 2:12-cv-05547-PA-SP (C.D. Cal.) (dismissed Oct. 9, 2012); *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013); and *Rubin v. Padilla*, 233 Cal. App. 4th 1128 (2015), *rev. denied*, 2015 Cal. LEXIS 2395 (Cal., Apr. 29, 2015), *cert. denied*, 577 U.S. ___ (Oct. 13, 2015). In each of these cases except *Rubin*, CADOP was forced to file a motion for intervention over the plaintiffs' objection, and in each case intervention of right was granted. In *Rubin*, the plaintiffs stipulated to CADOP's intervention of right.

16. In, *Field v. Bowen*, "Plaintiffs Jeff Mackler and Rodney Martin wish[ed] to run for the United States House of Representatives 'stating a preference' on the ballot for 'Socialist Action' and 'the Reform Party,' respectively." 199 Cal. App. 4th at 352. In the course of the proceedings in that case, the same claim raised in this case—that the party label statutes are unconstitutional—was rejected in turn by the Superior Court in San Francisco County,[5] the California Court of Appeal for the 1st Appellate District on an original writ,[6] the California Supreme Court also on an original writ,[7] and the California Court of Appeal for the 1st Appellate

---

[5] *Field v. Bowen*, Case No. 10-502018 (San Francisco Super. Ct.).
[6] *Field v. Superior Court*, Case No. A129829 (Cal. Ct. App. 1st Dist.).
[7] *Field v. Superior Court*, Case No. S188436 (Cal.).

District on a full-blown appeal. 199 Cal. App. 4th at 353-66.

17. Likewise, in *Chamness v. Bowen*, a candidate for a special election for congressional office filed suit in this very Court, seeking declaratory and injunctive relief based upon the alleged unconstitutionality of the party label statutes that precluded him from stating his affiliation with the "Coffee Party," or alternatively identifying himself as "Independent," rather than as having "No Party Preference." *Chamness v. Bowen*, 2011 U.S. Dist. LEXIS 948768 9 (C.D. Cal. Aug. 23, 2011). The district court granted summary judgment in favor of the defendants (including Intervener CADOP), and the Ninth Circuit affirmed. *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013).

18. CADOP has also been granted leave to intervene in this Court, and over plaintiffs' objection, in *Brown v. Bowen*, a case challenging Proposition 14 under the federal Voting Rights Act. *See Brown v. Bowen*, Case No. 2:12-cv-05547-PA-SP (C.D. Cal.) (Dkt. #14) (July 11, 2012 order granting intervention and denying preliminary injunction), p. 3 ("This Court similarly agrees that Interveners satisfy the requirements for intervention pursuant to Federal Rule of Civil Procedure 24(a)(2).").

19. CADOP also intervened of right in *Rubin v. Padilla*, 233 Cal. App. 4th 1128 (1st Dist. 2015), *rev. denied*, 2015 Cal. LEXIS 2395 (Cal., Apr. 29, 2015), *cert. denied*, 577 U.S. ___ (Oct. 13, 2015), a case rejecting First Amendment and Equal Protection challenges to Proposition 14 by so-called "minor" parties based on their alleged difficulty in advancing from the primary to the general election ballot, though in that case the plaintiffs stipulated to intervention.

20. I am informed and believe that Defendant Secretary of State Padilla will not oppose CADOP's intervention. Such non-opposition is consistent with the fact that the current defendants in this litigation have

different interests from CADOP, and do not and cannot represent CADOP's interests. I am also informed and believe that the Los Angeles County Registrar of Voters does not oppose CADOP's intervention. The Registrar has no obligation to defend Proposition 14, let alone the interests of Yes on 14 and its contributors and supporters, and has already stated his intention to take no position on the merits of this case.

21. CADOP is confident that Defendant Secretary of State will present a defense to this litigation; however, other matter raise a fair concern about his ability to do so credibly. First, at the time Proposition 14 was placed on the ballot by the Legislature, Mr. Padilla was quoted in the press as having significant reservations about the measure, and—as discussed above—the entire political establishment in Sacramento opposed the measure's passage. Moreover, Secretary of State Padilla has run for office in California on numerous occasions, and is widely expected to run for future office as well, potentially for U.S. Senate in the event that Senator Feinstein determines not to seek re-election.[8] This presents a risk that the credibility of Secretary of State Padilla's defense of this action with regard to SB 6 and Proposition 14 will be compromised by the appearance of a conflict of interest between his duties as Secretary of State and his political interests as a candidate.

22. Permitting the intervention of Yes on 14 will ensure that the Court receives the benefit of a strong defense of the Top Two Candidate Open Primary Act that will sharpen the issues for the Court, and provide

---

[8] *See, e.g.,* Cadelago, "California Voters Split on Dianne Feinstein Running Again in 2018," SAC. BEE (Oct. 13, 2015), *online at* http://www.sacbee.com/news/politics-government/capitol-alert/article39007878.html ("Several possible successors to Feinstein have emerged on the Democratic side, notably California Secretary of State Alex Padilla.") (attached as Exhibit 6).

useful information and briefing to aid the Court in its rulings. CADOP's attorneys—alone among the counsel in this action—have been involved in every single lawsuit challenging Proposition 14, and they were involved in the initial drafting of the measure and subsequent amendments thereto as well. They, accordingly, have background knowledge about Proposition 14 and its implementing statutes that no other participant in this action has.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my personal knowledge, and, if called as a witness, I could testify competently thereto, except for those matters stated on information and belief and as to those matters, I believe them to be true.

Executed this 11th day of November, 2015, in San Rafael, California.

_____
VIGO G. NIELSEN, JR.