NIELSEN MERKSAMER
   PARRINELLO GROSS & LEONI LLP
MARGUERITE MARY LEONI, ESQ. (S.B. No. 101696)
CHRISTOPHER E. SKINNELL, ESQ. (S.B. No. 227093)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone:  (415) 389-6800
Facsimile:    (415) 388-6874
Email: mleoni@nmgovlaw.com
Email: cskinnell@nmgovlaw.com

*Attorneys for Intervener-Defendant*
CALIFORNIANS TO DEFEND THE OPEN PRIMARY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EMIDIO "MIMI" SOLTYSIK & JENNIFER MCCLELLAN,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ALEX PADILLA, California Secretary of State & DEAN LOGAN, Registrar/Recorder/County Clerk of the County of Los Angeles,<br><br>*Defendants*,<br><br>CALIFORNIANS TO DEFEND THE OPEN PRIMARY,<br><br>*Proposed Intervener-Defendant.* | Case #2:15-cv-07916-AB-GJSx<br><br>**DECLARATION OF CHRISTOPHER E. SKINNELL IN SUPPORT OF CALIFORNIANS TO DEFEND THE OPEN PRIMARY'S MOTION TO INTERVENE**<br><br>JUDGE: Hon. Andre Birotte, Jr.<br>COURTROOM: 4<br>HEARING DATE: Dec. 14, 2015<br>TIME: 10:00 a.m. |

# **DECLARATION OF CHRISTOPHER E. SKINNELL**

I, CHRISTOPHER E. SKINNELL, declare under penalty of perjury:

1. I am over 18 years of age. I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently thereto. I am one of the counsel of record for proposed intervener Californians to Defend the Open Primary ("CADOP") in this proceeding.

## A. CADOP's Activities in Support of Prop. 14 and Senate Bill 6.

2. I was also involved in the drafting of the proposed initiative that eventually became Proposition 14 and its implementing legislation, Senate Bill 6 ("SB 6").[1] I served as counsel to the campaign committee in favor of Proposition 14, Yes on 14—Californians For An Open Primary, which was sponsored by CADOP, and which raised and spent $4.75 million to advocate for enactment of Proposition 14. And I have served as counsel of record in each and every one of the cases in which CADOP has participated in the successful defense of Proposition 14 and its implementing legislation, including: *Clark v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1911, *25 (Cal. Ct. App. 3d Dist. Mar. 16, 2010); *Taylor v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1909 (Cal. Ct. App. 3d Dist. Mar. 16, 2010); *Field v. Bowen*, 199 Cal. App. 4th 346 (2011); *Brown v. Bowen*, Case No. 2:12-cv-05547-PA-SP (C.D. Cal.) (dismissed Oct. 9, 2012); *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013); and *Rubin v. Padilla*, 233 Cal. App. 4th 1128 (2015), *rev. denied*, 2015 Cal. LEXIS 2395 (Cal., Apr. 29, 2015), *cert. denied*, 577 U.S. ___ (Oct. 13, 2015).

3. In *Clark/Taylor*, *Field*, *Brown*, and *Chamness*, CADOP was granted intervention of right over the objection of the respective plaintiffs. In *Rubin*, the plaintiffs wisely stipulated to CADOP's intervention of right.

---

[1] Sen. Bill 6 (2009-2010 Reg. Sess.), *codified at* Cal. Stats. 2009, ch. 1.

4. The *Field* case and the *Chamness* case both raised the same claim presented by this action: that the party label provisions of SB 6 are unconstitutional. In both cases, the claim was rejected; judgment was entered in CADOP's favor; and the judgments were affirmed on appeal, by the California Court of Appeal, First Appellate District, and the United States Court of Appeals of the Ninth Circuit, respectively.

5. I have also participated, on behalf of CADOP, in legislative activities surrounding Proposition 14, to ensure that implementation of the measure is not frustrated by legislative tinkering. My activities on behalf of CADOP include, among other things, meetings with legislative staff and other interested parties as part of the process leading to the enactment of Assembly Bill 1413 ("AB 1413"),[2] technical clean-up legislation that amended a number of provisions of SB 6, including the provisions at issue in this case.

## B. Timeliness of This Motion.

6. This case was apparently filed on October 8, 2015. CADOP was not served with the complaint, or otherwise notified by Plaintiffs' counsel, even as a courtesy. Upon learning of its filing in an online blog post, I contacted my clients and then contacted counsel for Defendants Secretary of State Padilla and Los Angeles County Registrar Logan, on October 13, 2015. At that point I was informed that neither party had yet been served with the action and that counsel for the Secretary had not yet been assigned.

7. On October 23, 2015, upon receiving notice from the Court's ECF system that service had been effected (*see* Dkt. ## 9 & 10), I again contacted counsel for the Secretary and the Registrar, to request a stipulation to intervention. *Id.* On October 27, 2015, I received an e-mail from Deputy

---

[2] Assem. Bill 1413 (2011-2012 Reg. Sess.), *codified at* Cal. Stats. 2012, ch. 3.

Attorney General Peter Chang, counsel for Defendant Secretary, stating that "[t]he SOS will not oppose intervention by your clients." (*See* Exhibit 1 hereto, which is a true and correct copy of this e-mail.) Also on October 27, 2015, I received an e-mail from Deputy County Counsel Vicki Kozikoujekian, counsel for Defendant Registrar Dean Logan, stating that "Dean has no objections to your clients [sic] intervention." (*See* Exhibit 2 hereto, which is a true and correct copy of this e-mail.)

8. Upon learning that the Defendants would not oppose CADOP's intervention, I immediately contacted Plaintiffs' attorneys by e-mail that same day, to request that Plaintiffs likewise stipulate. (*See* Exhibit 3 hereto, which is a true and correct copy of my e-mail.) Plaintiffs' counsel responded at approximately 6:00 p.m. on the following day (October 28, 2015), requesting additional information and authorities (*see* Exhibit 4 hereto, which is a true and correct copy of this e-mail), which Intervener's counsel provided on October 29, 2015. (*See* Exhibit 5 hereto, which is a true and correct copy of this e-mail.) I received Plaintiffs' final answer, refusing the request for intervention, on Wednesday, November 4, 2015. (*See* Exhibit 6 hereto, which is a true and correct copy of this e-mail.) I immediately began preparing this motion to intervene.

9. The Secretary of State's response to the complaint is not due for more than a month—on December 28—because Plaintiffs obtained a waiver of service. *See* Waiver of Service of Summons (Dkt. #12); Fed. R. Civ. Proc. 4. If intervention is granted, CADOP would be prepared to file its own responsive pleading by that date as well. CADOP does not propose to raise any new claims. I anticipate that CADOP's "defenses" will consist almost completely, if not completely, of responding to questions of law and fact raised by the Complaint itself.

10.     So far as I am aware, no motions have been filed, and no other proceedings have been scheduled, except for a Scheduling Conference set for January 25, 2016, *see* Order Setting Scheduling Conference (Dkt. #13), in which CADOP would be fully prepared to participate.

11.     CADOP does not propose to delay the conduct of this action at all, but seeks expeditious resolution of this case.

**C.     Inadequacy of Representation.**

12.     Given the history of past litigation relating to Proposition 14, there is no reason to presume that the other parties "will undoubtedly make all of the intervenor's arguments" or otherwise adequately represent CADOP's interests.

13.     Defendant Dean Logan has already filed a notice with this Court (Dkt. #11), stating that "the Registrar takes no position on the underlying merits of Plaintiffs' Complaint which challenges the constitutionality of California Elections Code sections 8002.5 and 13015(a) which govern the use of party labels on the ballot for State and federal offices."

14.     As for the Secretary of State, though CADOP and the Secretary have both defended the measure in the past, they have routinely presented different arguments in support of the measure, and there has been a history of *actual* disagreement about those arguments.

15.     For example, in both *Field* and *Chamness*, CADOP and the Secretary disagreed about the proper interpretation of Sections 8002.5 and 13105, at issue in this case. *See, e.g., Field*, 199 Cal. App. 4th at 370. They have disagreed about the proper interpretation of other provisions regarding write-in voting, thought those provisions are not at issue here. *See id.* at 354-55 (accepting CADOP's interpretation and rejecting Secretary's). In *Field*, Interveners alone argued that the case could be resolved as a matter of law in an appeal from denial of a preliminary injunction, rather than remanding for

further proceedings—a proposition the Court of Appeal accepted. *See id.* at 352-53. In *Chamness*, Interveners alone argued that *Pullman* abstention was appropriate in light of the pendency of *Field. See Chamness v. Bowen*, Case No. 2:11-cv-01479-ODW-FFM (C.D. Cal.) (Dkt. #80) (Mar. 30, 2011 order denying motion for preliminary injunction), pp. 6-8. And in both the *Field* and *Chamness* actions, CADOP provided far more extensive briefing regarding the interests that support the ballot label rules at issue in this case, leading the Court of Appeal in *Field* to hold that: "Plaintiffs argue that *Libertarian Party* cannot be applied here because the case was based on a qualified party system that Proposition 14 and Senate Bill 6 'dismantled' by doing away with partisan primaries. *This contention is persuasively refuted in interveners' appellate brief*, which identifies many rights that continue to be reserved for qualified parties under the Proposition 14 and Senate Bill 6 open primary system." 199 Cal. App. 4th at 359 (emphasis added).

**D. History of Proposition 14's Opponents Trying to Use The Party Label Provisions to Discredit Proposition 14.**

16. Since Proposition 14 was placed on the ballot, opponents of the measure have tried to use the party preference designations as a means of discrediting the top-two primary, first to prevent its passage, and then in an effort to support its repeal.

17. One of the chief arguments raised by opponents of Proposition 14 in the 2010 campaign was a claim that politicians would be able to mislead voters as to their party affiliation. (True and correct copies of the ballot arguments and rebuttal arguments regarding Proposition 14, printed in the Voter Information Guide sent to all voters in connection with the June 2010 election, are attached hereto as Exhibit 7.) The supporters of Proposition 14 responded that this concern was addressed by the fact that the official party registration of each candidate, as shown on the candidate's voter

registration, would be presented to the voters.

18. In both *Field* and *Chamness*, opponents of Proposition 14 sought to use the alleged unconstitutionality of Elections Code §§ 8002.5 and 13105 as a hook to enjoin the application of Proposition 14 in its entirety.

19. There continue to be rumors of a potential effort to repeal Proposition 14 in the near future, potentially in 2018. If the Elections Code provisions challenged in this action are declared unconstitutional, there is good reason to expect that the purported "unconstitutionality of Proposition 14" would be one of the arguments used in favor of its repeal. This is a common tactic in ballot measure campaigns.[3]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my personal knowledge, and, if called as a witness, I could testify competently thereto, except for those matters stated on information and belief and as to those matters, I believe them to be true.

Executed this 11th day of November, 2015, in San Rafael, California.

/s/   Christopher E. Skinnell
Christopher E. Skinnell

---

[3] *See, e.g.,* 2012 Voter Information Guide for Proposition 35 ("Human Trafficking. Penalties."), p. 47 (Argument Against, contending, "If passed, the state will likely be required to defend this statute in court as it will likely face legal challenges due to several questionable and possibly unconstitutional provisions…"), *available online at* http://repository.uchastings.edu/cgi/viewcontent.cgi?article=2313&context=ca_ballot_props (last visited Nov. 11, 2015); 1996 Voter Information Guide for Proposition 198 ("Elections. Open Primary."), p. 35 (Argument Against, contending "PROPOSITION 198 IS UNCONSTITUTIONAL"), *available online at* http://repository.uchastings.edu/cgi/viewcontent.cgi?article=2118&context=ca_ballot_props (last visited Nov. 11, 2015).