KEVIN J. MINNICK (STATE BAR NO. 269620)
Kevin.Minnick@probonolaw.com
ZACHARY M. FAIGEN (STATE BAR NO. 294716)
Zack.Faigen@probonolaw.com
MAXIMILLIAN W. HIRSCH (STATE BAR NO. 301872)
Maximillian.Hirsch@probonolaw.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600


BRENDAN HAMME (STATE BAR NO. 285293)
BHamme@aclusocal.org
ACLU OF SOUTHERN CALIFORNIA
1851 East 1st Street, Suite 450
Santa Ana, California 92705
Telephone:   (714) 450-3963


Attorneys for Plaintiffs
EMIDIO "MIMI" SOLTYSIK
JENNIFER MCCLELLAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EMIDIO "MIMI" SOLTYSIK;<br>JENNIFER MCCLELLAN,<br><br><br><br>                              Plaintiffs,<br><br><br>                    v.<br><br><br>ALEX PADILLA, in only his official<br>capacity as Secretary of State; DEAN<br>LOGAN, in only his official capacity as<br>Registrar-Recorder / County Clerk of<br>the County of Los Angeles,<br><br><br><br>                              Defendants. | CASE NO.: 2:15-cv-07916-AB-GJSx<br><br>DECLARATION OF KEVIN J.<br>MINNICK IN SUPPORT OF<br>PLAINTIFFS' OPPOSITION TO<br>NON-PARTY CALIFORNIANS TO<br>DEFEND THE OPEN PRIMARY'S<br>MOTION TO INTERVENE<br><br>Judge: Andre Birotte, Jr.<br>Courtroom: 4<br>Hearing Date:  Dec. 14, 2015<br><br>Hearing Time: 10:00 a.m. |

## DECLARATION OF KEVIN J. MINNICK

1.      I am an attorney admitted to practice before the courts of the State of California and this Court.   I am counsel for plaintiffs, Emidio "Mimi" Soltysik and Jennifer McClellan ("Plaintiffs").   I submit this declaration in support of Plaintiffs' Opposition to non-party Californians to Defend the Open Primary's ("CADOP") Motion to Intervene.   I have personal knowledge of the facts stated herein, and, if called as a witness, I would testify competently hereto.

2.      Attached as "**Exhibit 1**" is a true and correct copy of the January 30, 2012 letter written by CADOP to Governor Jerry Brown.   This letter is publicly available as part of the legislative history of AB 1413.

3.      Attached as "**Exhibit 2**" is a true and correct copy of the January 6, 2012 letter written by CADOP to Lou Correa, Chairman of the Senate Committee on Elections and Constitutional Amendments.   This letter is publicly available as part of the legislative history of AB 1413.

4.      Attached as "**Exhibit 3**" is a true and correct copy of SB 6, passed on February 20, 2009.

5.      Attached as "**Exhibit 4**" is a true and correct copy of the October 27, 2015 email from CADOP's counsel to Plaintiffs' counsel inquiring whether Plaintiffs would stipulate to CADOP intervening in the action.

6.      Attached as "**Exhibit 5**" is a true and correct copy of the October 28, 2015 email from Plaintiffs' counsel to CADOP asking if CADOP intended to intervene on behalf of Plaintiffs or Defendants and asking on what basis CADOP believed intervention was proper.

7.      Attached as "**Exhibit 6**" is a true and correct copy of the October 29, 2015 email from CADOP to Plaintiffs' counsel in which CADOP stated they intended to intervene on behalf of Defendants and provided case law CADOP apparently believes supports their intervention as of right.

8.      Attached as "**Exhibit 7**" is a true and correct copy of the November 4, 2015 email from Plaintiffs' counsel to CADOP indicating that Plaintiffs would not oppose CADOP filing

1  amicus briefs at various stages during the litigation, and such a compromise could help the parties

2  avoid unnecessary motion practice.

3      9.      To date, CADOP has not responded to the offer made by Plaintiffs' counsel in

4  Exhibit 7.

5      10.     Attached as "**Exhibit 8**" is a true and correct copy of AB 1413, approved on

6  February 10, 2012.

7      11.     I declare under penalty of perjury of the laws of the United States of America that

8  the foregoing is true and correct.

9      Executed on November 23, 2015 at Los Angeles, California.

10

11

12                      By: _____/s/Kevin J. Minnick_____

13                                  Kevin J. Minnick

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

01/30/2012 15:39 FAX  916 319 2122     ASSEMBLYMEMBER FONG                    ☑001/002

**NIELSEN MERKSAMER**
**PARRINELLO GROSS & LEONI LLP**
ATTORNEYS AT LAW
1415 L STREET, SUITE 1200
SACRAMENTO, CALIFORNIA 95814

TELEPHONE (916) 446-6752   FAX (916) 446-6106



January 30, 2012

Honorable Edmund J. Brown
Governor, State of California
Office of the Governor, State Capitol
Sacramento, CA 95814

    Re: AB 1413 (Fong) – Request for Signature

    This is written on behalf of our client, Californians to Defend an Open Primary ("Californians"), to inform you of its position on AB 1413, as amended January 5, 2012.  With one exception, noted below, "Californians" supports AB 1413 and requests your signature.

    Proposition 14, which enacted California's Open Primary system, was adopted in 2010.  "Californians" was the leading supporter of the measure during the campaign, and since enactment, "Californians" has actively and successfully litigated in defense of Proposition 14.  We opposed previous versions of AB 1413 because it contained provisions inimical to Proposition 14.

    During the Interim, we participated in a series of meetings and conversations regarding AB 1413 with interested parties, including the Secretary of State and local election officials.  Progress has been made.  Provisions harmful to Proposition 14 that would have generated additional litigation have been removed.  Although, we do not endorse every provision of AB 1413 (see below), on balance, the bill will promote a fair and efficient election in June, 2012 and thereafter.

    We object to AB 1413's deletion of existing provisions of law that allow candidates unassociated with major parties to be silent (or unidentified) on ballots with regard to party preference.  We believe that candidates unassociated with qualified parties have the right to leave the ballot space reserved for party preference blank.  This was an issue in the recently-decided *Field v. Bowen*, 199 Cal. App. 4th 346 (2011), and in the early proceedings of a parallel federal action, *Chamness v. Bowen*, Case No. 11-cv-01479-ODW (C.D. Cal.).  AB 1413 may precipitate a similar lawsuit as candidates assert their constitutional right to "silence" on the issue of party preference.

MARIN COUNTY OFFICE • 2350 KERNER BOULEVARD, SUITE 250, SAN RAFAEL, CALIFORNIA 94901 • (415) 389-6800
WWW.NMGOVLAW.COM

AP - 72

**Exhibit 1**
**Page 3**

Honorable Edmund J. Brown
January 30, 2012
Page 2

Notwithstanding our concern with the ballot designation issue described above, we appreciate the opportunity to participate in negotiations on AB 1413 and acknowledge the collaboration and professionalism exhibited by all parties. We look forward to participating in future legislation relating to matters embodied in Proposition 14.

Respectfully, we request your signature on AB 1413, as amended January 5, 2012.

Cordially,

Gene Erbin

cc:     Assembly Member Paul Fong

LEGISLATIVE INTENT SERVICE   (800) 666-1917

AP - 73

01/30/2012 MON 15:44 [TX/RX NO 81...

Exhibit 1
Page 4

# Exhibit 2

**NIELSEN MERKSAMER**
**PARRINELLO GROSS & LEONI LLP**
ATTORNEYS AT LAW
1415 L STREET, SUITE 1200
SACRAMENTO, CALIFORNIA 95814

TELEPHONE (916) 446-6752   FAX (916) 446-6106

January 6, 2012

Honorable Lou Correa
Chairperson, Senate Committee on Elections
and Constitutional Amendments
Room 2203, State Capitol
Sacramento, CA 95814

Re:  AB 1413 (Fong) – SUPPORT

Dear Chairperson Correa:

This letter is written on behalf of our client, Californians to Defend an Open Primary ("Californians"), to inform you of its position on AB 1413, as amended January 5, 2012.  With one exception, noted below, "Californians" supports AB 1413 and requests an "Aye" vote.

Proposition 14, which enacted California's Open Primary system, was adopted in 2010.  "Californians" was the leading supporter of the measure during the campaign, and since enactment, "Californians" has actively and successfully litigated in defense of Proposition 14.  We opposed previous versions of AB 1413 because it contained provisions inimical to Proposition 14.

During the Interim, we participated in a series of meetings and conversations regarding AB 1413 with interested parties, including the Secretary of State and local election officials.  Progress has been made.  Provisions harmful to Proposition 14 that would have generated additional litigation have been removed.  Although, we do not endorse every provision of AB 1413 (see below), on balance, the bill will promote a fair and efficient election in June, 2012 and thereafter.

We object to AB 1413's deletion of existing provisions of law that allow candidates unassociated with major parties to be silent (or unidentified) on ballots with regard to party preference.  We believe that candidates unassociated with qualified parties have the right to leave the ballot space reserved for party

MARIN COUNTY OFFICE • 2350 KERNER BOULEVARD, SUITE 250, SAN RAFAEL, CALIFORNIA 94901 • (415) 389-6800
WWW.NMGOVLAW.COM

Exhbit 2
Page 5
AP - 62

(800) 666-1917

LEGISLATIVE INTENT SERVICE

preference blank. This was an issue in the recently-decided *Field v. Bowen*, 199 Cal. App. 4th 346 (2011), and in the early proceedings of a parallel federal action, *Chamness v. Bowen*, Case No. 11-cv-01479-ODW (C.D. Cal.). AB 1413 may precipitate a similar lawsuit as candidates assert their constitutional right to "silence" on the issue of party preference.

Notwithstanding our concern with the ballot designation issue described above, we appreciate the opportunity to participate in negotiations on AB 1413 and acknowledge the collaboration and professionalism exhibited by all parties, including Mr. Wagaman. We look forward to participating in future legislation relating to matters embodied in Proposition 14.

Respectfully, we request your "aye" vote on AB 1413, as amended January 5, 2012.

Cordially,

Gene Erbin

GFE/ns

cc:   Senate Committee on Elections and Constitutional Amendments
      Assembly Member Paul Fong

(800) 666-1917   LEGISLATIVE INTENT SERVICE

Exhbit 2
Page 6
AP - 63

# Exhibit 3

## 2009 Bill Text CA S.B. 6

Chaptered, February 20, 2009

**Reporter**
2009 Bill Text CA S.B. 6

**THE STATE OF CALIFORNIA BILL TEXT > CALIFORNIA 2009-10 REGULAR SESSION > SENATE BILL 6 > CHAPTER 1**

## Synopsis

An act to amend Sections 13, 334, 337, 2150, 2151, 2152, 2154, 8025, 8062, 8068, 8081, 8121, 8124, 8142, 8148, 8150, 8300, 8550, 8600, 8605, 8805, 8807, 10705, 10706, 12108, 13102, 13105, 13110, 13206, 13207, 13208, 13230, 13300, 13302, 13305, 15451, 15452, 15670, 15671, 19300, and 19301 of, to amend Part 1 of Division 7 of, to add Sections 300.5, 325, 332.5, 338.5, 359.5, 8002.5, 8005, 8141.5, 8606, 9083.5, 9084.5, 13109.5, and 14105.1 to, to add Chapter 0.5 (commencing with Section 6000) to Part 1 of Division 6 of, to amend and renumber Section 6000 of, to repeal and add Section 8125 of, to repeal *Sections 8802 and 8806 of, the Elections Code*, and to amend *Section 88001 of the Government Code*, relating to elections.

## Digest

LEGISLATIVE COUNSEL'S DIGEST

SB 6, Maldonado. Elections: primaries.

Existing provisions of the California Constitution require the Legislature to provide for primary elections for partisan offices, including an open presidential primary election, as specified. The California Constitution also provides that all judicial, school, county, and city offices are nonpartisan offices, and a political party or party central committee is prohibited from endorsing, supporting, or opposing a candidate for these offices.

This measure would permit a voter, at the time of registration, to choose whether or not to disclose a party preference. This measure would also provide that a voter may vote for the candidate of his or her choosing in the primary election, regardless of his or her disclosure or non-disclosure of party preference.

This measure would provide for a "voter-nominated primary election" for each state elective office and congressional office in California, in which a voter may vote at the primary election for any candidate for congressional or state elective office without regard to the political party preference disclosed by either the candidate or the voter. The 2 candidates receiving the 2 highest vote totals for each office at a primary election, regardless of party preference, would then compete for the office at the ensuing general election.

The measure would further provide that a candidate for a congressional or state elective office generally may choose whether to have his or her political party preference indicated upon the ballot for that office in the manner to be provided by statute.

This measure would not change existing law as it relates to presidential primaries.

Because this bill would change the duties of local elections officials, it would impose a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

Exhibit 3
Page 7

2009 Bill Text CA S.B. 6

This bill would provide that, if the Commission on State Mandates determines that the bill contains costs mandated by the state, reimbursement for those costs shall be made pursuant to these statutory provisions.

This bill would provide that it would become operative only if SCA 4 is approved by the voters.

## Text

THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

SECTION 1.  Section 13 of the Elections Code is amended to read:

13.

(a) No person shall be considered a legally qualified candidate for any office, for party nomination for a partisan office, or for nomination to participate in the general election for any voter-nominated office, under the laws of this state unless that person has filed a declaration of candidacy or statement of write-in candidacy with the proper official for the particular election or primary, or is entitled to have his or her name placed on a general election ballot by reason of having been nominated at a primary election, or having been selected to fill a vacancy on the general election ballot as provided in Section 8806, or having been selected as an independent candidate pursuant to Section 8304.

(b) Nothing in this section shall be construed as preventing or prohibiting any qualified voter of this state from casting a ballot for any person by writing the name of that person on the ballot, or from having that ballot counted or tabulated, nor shall any provision of this section be construed as preventing or prohibiting any person from standing or campaigning for any elective office by means of a "write-in" campaign. However, nothing in this section shall be construed as an exception to the requirements of Section 15341.

(c) It is the intent of the Legislature, in enacting this section, to enable the Federal Communications Commission to determine who is a "legally qualified candidate" in this state for the purposes of administering Section 315 of Title 47 of the United States Code.

SEC. 2.  Section 300.5 is added to the Elections Code, to read:

300.5.  "Affiliated with a political party" as used in reference to a voter or to a candidate for a voter-nominated office means the party preference that the voter or candidate has disclosed on his or her affidavit of registration.

SEC. 3.  Section 325 is added to the Elections Code, to read:

325.  "Independent status" means a voter's indication of "No Party Preference" as provided in Section 2151 and Section 2154.

SEC. 4.  Section 332.5 is added to the Elections Code, to read:

332.5.  "Nominate" means the selection, at a state-conducted primary election, of candidates who are entitled by law to participate in the general election for that office, but does not mean any other lawful mechanism that a political party may adopt for the purposes of choosing the candidate who is preferred by the party for a nonpartisan or voter nominated office.

SEC. 5.  Section 334 of the Elections Code is amended to read:

334.  "Nonpartisan office" means an office, except for a voter-nominated office, for which no party may nominate a candidate. Judicial, school, county, and municipal offices are nonpartisan offices.

SEC. 6.  Section 337 of the Elections Code is amended to read:

337.  "Partisan office" or "party nominated office" means any of the following offices:

Exhibit 3
Page 8

2009 Bill Text CA S.B. 6

    (a)  President of the United States, Vice President of the United States, and the delegates therefor.

    (b)  Elected member of a party committee.

SEC. 7.  Section 359.5 is added to the Elections Code, to read:

    359.5.

    (a)  "Voter-nominated office" means a congressional or state elective office for which any candidate may choose to have his or her party preference or lack of party preference indicated upon the ballot. A political party or party central committee shall not nominate a candidate at a state-conducted primary election for a voter-nominated office. The primary conducted for a voter-nominated office does not serve to determine the nominees of a political party but serves to winnow the number of candidates to a final list of two for the general election. The following offices are voter-nominated offices:

        (1)  Governor.

        (2)  Lieutenant Governor.

        (3)  Secretary of State.

        (4)  State Treasurer.

        (5)  Controller.

        (6)  State Insurance Commissioner.

        (7)  Member of the Board of Equalization.

        (8)  Attorney General.

        (9)  State Senator.

        (10)  Member of the Assembly.

        (11)  United States Senator.

        (12)  Member of the United States House of Representatives.

    (b)  This section does not prohibit a political party or party central committee from endorsing, supporting, or opposing a candidate for a candidate listed in subdivision (a).

SEC. 8.  *Section 2150 of the Elections Code is amended* to read:

    2150.

    (a)  The affidavit of registration shall show:

        (1)  The facts necessary to establish the affiant as an elector.

        (2)  The affiant's name at length, including his or her given name, and a middle name or initial, or if the initial of the given name is customarily used, then the initial and middle name. The affiant's given name may be preceded, at affiant's option, by the designation of Miss, Ms., Mrs., or Mr. A person shall not be denied the right to register because of his or her failure to mark a prefix to the given name and shall be so advised on the voter registration card. This subdivision shall not be construed as requiring the printing of prefixes on an affidavit of registration.

        (3)  The affiant's place of residence, residence telephone number, if furnished, and e-mail address, if furnished. No person shall be denied the right to register because of his or her failure to furnish a telephone number or e-mail address, and shall be so advised on the voter registration card.

        (4)  The affiant's mailing address, if different from the place of residence.

**Exhibit 3**

**Page 9**

2009 Bill Text CA S.B. 6

(5) The affiant's date of birth to establish that he or she will be at least 18 years of age on or before the date of the next election.

(6) The state or country of the affiant's birth.

(7)

    (A) In the case of an applicant who has been issued a current and valid driver's license, the applicant's driver's license number.

    (B) In the case of any other applicant, other than an applicant to whom subparagraph (C) applies, the last four digits of the applicant' s social security number.

    (C) If an applicant for voter registration has not been issued a current and valid driver's license or a social security number, the state shall assign the applicant a number that will serve to identify the applicant for voter registration purposes. To the extent that the state has a computerized list in effect under this subdivision and the list assigns unique identifying numbers to registrants, the number assigned under this subparagraph shall be the unique identifying number assigned under the list.

(8) The affiant's political party preference.

(9) That the affiant is currently not imprisoned or on parole for the conviction of a felony.

(10) A prior registration portion indicating whether the affiant has been registered at another address, under another name, or as preferring another party. If the affiant has been so registered, he or she shall give an additional statement giving that address, name, or party.

(b) The affiant shall certify the content of the affidavit as to its truth and correctness, under penalty of perjury, with the signature of his or her name and the date of signing. If the affiant is unable to write he or she shall sign with a mark or cross.

(c) The affidavit of registration shall also contain a space that would enable the affiant to state his or her ethnicity or race, or both. An affiant may not be denied the ability to register because he or she declines to state his or her ethnicity or race.

(d) If any person, including a deputy registrar, assists the affiant in completing the affidavit, that person shall sign and date the affidavit below the signature of the affiant.

(e) The affidavit of registration shall also contain a space to permit the affiant to apply for permanent vote by mail status.

(f) The Secretary of State may continue to supply existing affidavits of registration to county elections officials prior to printing new or revised forms that reflect the changes made to this section by the act that added this subdivision.

SEC. 9.  *Section 2151 of the Elections Code is amended* to read:

2151.

(a) At the time of registering and of transferring registration, each elector may disclose the name of the political party that he or she prefers. The name of that political party shall be stated in the affidavit of registration and the index.

(b)

    (1) The voter registration card shall inform the affiant that any elector may decline to state a political party reference, but no person shall be entitled to vote the ballot of any political party at any primary election for President of the United States or for a party committee unless he or she has disclosed the name of the party that he or she prefers or unless he or she has declined to disclose a party preference and the political party, by party rule duly noticed to the

Exhibit 3
Page 10

2009 Bill Text CA S.B. 6

Secretary of State, authorizes a person who has declined to disclose a party preference to vote the ballot of that political party. The voter registration card shall further inform the affiant that any registered voter may vote for any candidate at a primary election for state elective office or congressional office, regardless of the disclosed party preference of the registrant or the candidate seeking that office or the refusal of the registrant or candidate to disclose a party preference. This notice shall be printed in 12 point Times New Roman font.

(2) The voter registration card shall include a listing of all qualified political parties. The voter registration card shall include a listing of all qualified political parties. As part of that listing, the voter registration card shall also contain an option designated "No Party Preference." This option shall be placed at the beginning of the listing of qualified political parties.

(c) No person shall be permitted to vote the ballot of any party or for any delegates to the convention of any party other than the party disclosed as preferred in his or her registration, except as provided by Section 2152 or unless he or she has declined to disclose a party preference and the party, by party rule duly noticed to the Secretary of State, authorizes a person who has declined to state a party affiliation to vote the party ballot or for delegates to the party convention.

(d) As of the effective date of the statute that added this subdivision, any voter who previously stated a political party affiliation when registering to vote shall be deemed to have disclosed that same party as his or her a political party preference unless the voter files a new affidavit of registration disclosing a different political party preference or no political party preference. Any voter who previously declined to state a party affiliation shall be deemed to have chosen the "No Party Preference" option unless the voter files a new affidavit of registration disclosing a different political party preference.

SEC. 10. *Section 2152 of the Elections Code is amended* to read:

2152. Whenever any voter has declined to disclose or has changed his or her party preference prior to the close of registration for an election, he or she may either so disclose or have a change recorded by executing a new affidavit of registration and completing the prior registration portion of the affidavit.

SEC. 11. *Section 2154 of the Elections Code is amended* to read:

2154. In the event that the county elections official receives an affidavit of registration that does not include portions of the information for which space is provided, the county elections official voters shall apply the following rebuttable presumptions:

(a) If no middle name or initial is shown, it shall be presumed that none exists.

(b) If no party preference is shown, it shall be presumed that the affiant has chosen the "No Party Preference" designation.

(c) If no execution date is shown, it shall be presumed that the affidavit was executed on or before the 15th day prior to the election, provided that (1) the affidavit is received by the county elections official on or before the 15th day prior to the election, or (2) the affidavit is postmarked on or before the 15th day prior to the election and received by mail by the county elections official.

(d) If the affiant fails to identify his or her state of birth within the United States, it shall be presumed that the affiant was born in a state or territory of the United States if the birthplace of the affiant is shown as "United States," "U.S.A.," or other recognizable term designating the United States.

SEC. 12. *Section 6000 of the Elections Code is amended* and renumbered to read:

6000a. This chapter shall be known and may be cited as the "Alquist Open Presidential Primary Act."

SEC. 13. Chapter 0.5 (commencing with Section 6000) is added to Part 1 of Division 6 of the Elections Code, to read:

CHAPTER 0.5. GENERAL PROVISIONS

Exhibit 3
Page 11

2009 Bill Text CA S.B. 6

6000.  All references to a voter's or candidate's party "registration" or "affiliation" in this part shall refer to the party preference or lack of party preference disclosed by the voter or candidate in accordance with Sections 2151 and 2152 and subdivision (b) of Section 2154.

SEC. 14.   The heading of Part 1 (commencing with *Section 7000) of Division 7 of the Elections Code is amended* to read:

PART 1.  GENERAL PROVISIONS

SEC. 15.   Chapter 1 (commencing with *Section 7000) of Part 1 of Division 7 of the Elections Code is repealed.*

SEC. 16.   *Section 7000 is added to the Elections Code*, to read:

7000.  All references to a voter's or candidate's party "registration" or "affiliation" in this division shall refer to the party preference or lack of party preference disclosed by the voter or candidate in accordance with Sections 2151 and 2152 and subdivision (b) of Section 2154.

SEC. 17.   Section 8002.5 is added to the Elections Code, to read:

8002.5.

(a)  A candidate for a voter-nominated office may indicate his or her party preference, or lack of party preference, as disclosed upon the candidate's most recent statement of registration, upon his or her declaration of candidacy. If a candidate indicates his or her party preference on his or her declaration of candidacy, it shall appear on the primary and general election ballot in conjunction with his or her name. The candidate's designated party preference on the ballot shall not be changed between the primary and general election. A candidate for voter-nominated office may also choose not to have the party preference disclosed upon the candidate's most recent affidavit of registration indicated upon the ballot.

(b)  Regardless of the disclosed party preference of the candidate or the voter, any qualified voter may vote for any candidate for a voter-nominated office if the voter is otherwise entitled to vote for candidates for the office to be filled. Nothing in Section 2151, 3006, 3007.5, 3205, or 3102 shall be construed to limit the ability of a voter to cast a primary election ballot for any candidate for a voter-nominated office, regardless of the party preference, or lack of party preference, designated by the candidate for inclusion upon the ballot pursuant to this section, provided that the voter is otherwise qualified to cast a ballot for the office at issue.

(c)  A candidate designating a party preference pursuant to subdivision (a) shall not be deemed to be the official nominee of the party designated as preferred by the candidate. A candidate's designation of party preference shall not be construed as an endorsement of that candidate by the party designated. The party preference designated by the candidate is shown for the information of the voters only and may in no way limit the options available to voters.

(d)  All references to party preference or affiliation shall be omitted from all forms required to be filed by a voter-nominated candidate pursuant to this division in the same manner that such references are omitted from forms required to be filed by nonpartisan candidates pursuant to Section 8002, except that the declaration of candidacy required by Section 8040 shall include space for the candidate to list the party preference disclosed upon the candidate's most recent affidavit of registration, in accordance with subsection (a).

SEC. 18.   Section 8005 is added to the Elections Code, to read:

8005.  In addition to satisfying the requirements of Sections 9083.5, 9084.5, and 14105.1, the Secretary of State shall conduct public voter education campaigns, using existing resources, for the purpose of publicly disseminating information regarding the roles of the parties in primary elections for party-nominated offices, voter-nominated offices, and nonpartisan offices.

SEC. 19.   *Section 8025 of the Elections Code is amended* to read:

Exhibit 3
Page 12

2009 Bill Text CA S.B. 6

8025.  If only one candidate has declared a candidacy for a partisan nomination at the direct primary election for a party qualified to participate at that election, or for nomination at the direct primary for a voter-nominated office, and that candidate dies after the last day prescribed for the delivery of nomination documents to the elections official, as provided in Section 8020, but not less than 83 days before the election, any person qualified under the provisions of Section 8001 may circulate and deliver nomination documents for the office to the elections official up to 5 p.m. on the 74th day prior to the election. In that case, the elections official shall, immediately after receipt of those nomination documents, certify and transmit them to the Secretary of State in the manner specified in this article.

SEC. 20.   *Section 8062 of the Elections Code is amended* to read:

8062.

(a)  The number of registered voters required to sign a nomination paper for the respective offices are as follows:

(1)  State office or United States Senate, not less than 65 nor more than 100.

(2)  House of Representatives in Congress, State Senate or Assembly, Board of Equalization, or any office voted for in more than one county, and not statewide, not less than 40 nor more than 60.

(3)  Candidacy in a single county or any political subdivision of a county, other than State Senate or Assembly, not less than 20 nor more than 40.

(4)  With respect to a candidate for a political party committee, any political party has less than 50 voters in the state or in the county or district in which the election is to be held, one-tenth the number of voters of the party.

(5)  When there are less than 150 voters in the county or district in which the election is to be held, not less than 10 nor more than 20.

(b)  The provisions of this section are mandatory, not directory, and no nomination paper shall be deemed sufficient that does not comply with this section. However, this subdivision shall not be construed to prohibit withdrawal of signatures pursuant to Section 8067. This subdivision also shall not be construed to prohibit a court from validating a signature which was previously rejected upon showing of proof that the voter whose signature is in question is otherwise qualified to sign the nomination paper.

SEC. 21.   *Section 8068 of the Elections Code is amended* to read:

8068.  Signers shall be voters in the district or political subdivision in which the candidate is to be voted on. With respect to any candidacy for partisan office, signers shall be affiliated registered voters who disclosed a preference, pursuant to Section 2151, for the party, if any, in which the nomination is proposed. Signers need not be registered voters who disclosed a preference for any party when signing candidacy papers for a candidate seeking nomination to a voter-nominated office.

SEC. 22.   *Section 8081 of the Elections Code is amended* to read:

8081.  Before any nomination document is filed in the office of the county elections official or forwarded for filing in the office of the Secretary of State, the county elections official shall verify the signatures and the political preferences, if required, of the signers on the nomination paper with the registration affidavits on file in the office of the county elections official. The county elections official shall mark "not sufficient" any signature that does not appear in the same handwriting as appears on the affidavit of registration in his or her office, or that is accompanied by a declaration of party preference that is not in accordance with the declaration of party preference in the affidavit of registration. The county elections official may cease to verify signatures once the minimum requisite number of signatures has been verified.

SEC. 23.   *Section 8121 of the Elections Code is amended* to read:

Exhibit 3
Page 13

2009 Bill Text CA S.B. 6

8121.

    (a) Not less than five days before he or she transmits the certified list of candidates to the county elections officials, as provided in Section 8120, the Secretary of State shall notify each candidate for partisan office and voter-nominated office of the names, addresses, offices, occupations, and party preferences of all other persons who have filed for the same office.

    (b)

        (1) Beginning not less than five days before he or she transmits the certified list of candidates to the county elections officials, as required by Section 8120, the Secretary of State shall post, in a conspicuous place on his or her Internet Web site, the party preference history of each candidate for voter-nominated office for the preceding 10 years. The candidates' party preference history shall be continuously posted until such time as the official canvass is completed for the general or special election at which a candidate is elected to the voter-nominated office sought, except that, in the case of a candidate who participated in the primary election and who was not nominated to participate in the general election, the candidate's party preference history need not continue to be posted following the completion of the official canvass for the primary election in question.

        (2) For purposes of this subdivision, the phrase "party preference history" also refers to the candidate's history of party registration during the 10 years preceding the effective date of this section.

        (3) The Secretary of State shall also conspicuously post on the same web page as that containing the candidates' party preference history the notice specified by of subdivision (b) of Section 9083.5.

SEC. 24.  *Section 8124 of the Elections Code is amended* to read:

    8124. The certified list of candidates sent to each county elections official by the Secretary of State shall show all of the following:

    (a) The name of each candidate.

    (b) The office for which each person is a candidate.

    (c) With respect to candidates for partisan offices, the party each person represents.

    (d) With respect to candidates for voter-nominated offices, the party preference designation specified in accordance with Section 8002.5.

SEC. 25.  *Section 8125 of the Elections Code is repealed.*

SEC. 26.  *Section 8125 is added to the Elections Code*, to read:

    8125. The certified list of candidates sent to each county elections official by the Secretary of State shall be in a form prescribed by the Secretary of State.

SEC. 27.  Section 8141.5 is added to the Elections Code, to read:

    8141.5. Only the two candidates for a voter-nominated office who receive the highest and second-highest numbers of votes cast at the primary shall appear on the ballot as candidates for that office at the ensuing general election. More than one candidate with the same party preference designation may participate in the general election pursuant to this subdivision. Notwithstanding the designation made by the candidate pursuant to Section 8002.5, no candidate for a voter-nominated office shall be deemed to be the official nominee for that office of any political party, and no party is entitled to have a candidate with its party preference designation participate in the general election unless such candidate is one of the two candidates receiving the highest or second-highest numbers of votes cast at the primary election.

Exhibit 3
Page 14

2009 Bill Text CA S.B. 6

SEC. 28.  *Section 8142 of the Elections Code is amended* to read:

8142.

(a) In the case of a tie vote, nonpartisan candidates receiving the same number of votes shall be candidates at the ensuing general election if they qualify pursuant to Section 8141 whether or not there are more candidates at the general election than prescribed by this article. In no case shall the candidates determine the tie by lot.

(b) In the case of a tie vote among candidates at a primary election for a voter-nominated office, the following applies:

(1) All candidates receiving the highest number of votes cast for any candidate shall be candidates at the ensuing general election whether or not there are more candidates at the general election than prescribed by this article.

(2) Notwithstanding Section 8141.5, if a tie vote among candidates results in more than one primary candidate qualifying for the general election pursuant to subdivision (a), candidates receiving fewer votes shall not be candidates at the general election, even if they receive the second highest number of votes cast.

(3) If only one candidate receives the highest number of votes cast but there is a tie vote among two or more candidates receiving the second highest number of votes cast, each of those second-place candidates shall be a candidate at the ensuing general election along with the candidate receiving the highest number of votes cast, regardless of whether there are more candidates at the general election than prescribed by this article.

(4) In no case shall the candidates determine the tie by lot.

SEC. 29.  *Section 8148 of the Elections Code is amended* to read:

8148. Not less than 68 days before the general election, the Secretary of State shall deliver to the appropriate county elections official a certificate showing:

(a) The name of every person entitled to receive votes within that county at the general election who has received the nomination as a candidate for public office pursuant to this chapter, and the designation of the public office for which he or she has been nominated.

(b) For each nominee for a partisan office, the name of the party that has nominated him or her.

(c) For each nominee for a voter-nominated office, the name of the party preference, or lack of party preference, as designated by the candidate in accordance with Section 8002.5.

SEC. 30.  *Section 8150 of the Elections Code is amended* to read:

8150. The certificate of the Secretary of State showing candidates nominated or selected at a primary election, and justices of the Supreme Court and courts of appeal to appear on the general elections ballot, shall be in a form prescribed by the Secretary of State.

SEC. 31.  *Section 8300 of the Elections Code is amended* to read:

8300. A candidate for any public office, including that of presidential elector, for which no nonpartisan candidate or candidate for voter-nominated office has been nominated or elected at any primary election, may be nominated subsequent to or in lieu of a primary election pursuant to this chapter.

SEC. 32.  *Section 8550 of the Elections Code is amended* to read:

8550. At least 88 days prior to the election, each candidate shall leave with the officer with whom his or her nomination papers are required to be left, a declaration of candidacy which states all of the following:

(a) The candidate's residence, with street and number, if any.

(b) That the candidate is a voter in the precinct in which he or she resides.

Exhibit 3
Page 15

2009 Bill Text CA S.B. 6

    (c)  The name of the office for which he or she is a candidate.

    (d)  That the candidate will not withdraw as a candidate before the election.

    (e)  That, if elected, the candidate will qualify for the office.

The name of a candidate shall not be placed on the ballot unless the declaration of candidacy provided for in this section has been properly filed.

SEC. 33.  *Section 8600 of the Elections Code is amended* to read:

    8600.  Every person who desires to be a write-in candidate and have his or her name as written on the ballot of an election counted for a particular office shall file:

        (a)  A statement of write-in candidacy that contains the following information:

            (1)  Candidate's name.

            (2)  Residence address.

            (3)  A declaration stating that he or she is a write-in candidate.

            (4)  The title of the office for which he or she is running.

            (5)  The party nomination which he or she seeks, if running in a partisan primary election.

            (6)  The date of the election.

        (b)  The requisite number of signatures on the nomination papers, if any, required pursuant to Sections 8062, 10220, 10510 or, in the case of a special district not subject to the Uniform District Election Law (Part 4 (commencing with Section 10500) of Division 10), the number of signatures required by the principal act of the district.

SEC. 34.  *Section 8605 of the Elections Code is amended* to read:

    8605.  No person whose name has been written in upon a ballot for an office at the direct primary may have his or her name placed upon the ballot as a candidate for that office for the ensuing general election unless one of the following is applicable:

        (a)  At that direct primary he or she received for a partisan office votes equal in number to 1 percent of all votes cast for the office at the last preceding general election at which the office was filled. In the case of an office that has not appeared on the ballot since its creation, the requisite number of votes shall equal 1 percent of the number of all votes cast for the office that had the least number of votes in the most recent general election in the jurisdiction in which the write-in candidate is seeking office.

        (b)  He or she is an independent nominee for a partisan office pursuant to Part 2 (commencing with Section 8300).

        (c)  At that direct primary he or she received for a voter-nominated office the highest number of votes cast for that office or the second highest number of votes cast for that office, except as provided by subdivision (b) of Section 8142 or Section 8807.

SEC. 35.  Section 8606 is added to the Elections Code, to read:

    8606.  A person whose name has been written on the ballot as a write-in candidate at the general election for a voter-nominated office shall not be counted.

SEC. 36.  *Section 8802 of the Elections Code is repealed.*

SEC. 37.  *Section 8805 of the Elections Code is amended* to read:

    8805.  Whenever a candidate for nomination for a nonpartisan or voter-nominated office at a primary election dies on or before the day of the election, and a sufficient number of ballots are marked as

Exhibit 3
Page 16

2009 Bill Text CA S.B. 6

being voted for him or her to entitle him or her to nomination if he or she had lived until after the election, a vacancy exists on the general election ballot, which shall be filled in the manner provided in Section 8807 for filling a vacancy caused by the death of a candidate.

SEC. 38. *Section 8806 of the Elections Code is repealed.*

SEC. 39. *Section 8807 of the Elections Code is amended* to read:

8807. If the vacancy occurs among candidates chosen at the direct primary to go on the ballot for the succeeding general election for a nonpartisan or voter-nominated office, the name of that candidate receiving at the primary election the next highest number of votes shall go upon the ballot to fill the vacancy.

SEC. 40. Section 9083.5 is added to the Elections Code, to read:

9083.5.

(a) If a candidate for nomination or election to a partisan office will appear on the ballot, the Secretary of State shall include in the state ballot pamphlet a written explanation of the electoral procedure for such offices, as follows:

PARTY-NOMINATED/PARTISAN OFFICES

Under the California Constitution, political parties may formally nominate candidates for party-nominated/partisan offices at the primary election. A candidate so nominated will then represent that party as its official candidate for the office in question at the ensuing general election and the ballot will reflect an official designation to that effect. The top vote-getter for each party at the primary election is entitled to participate in the general election. Parties also elect officers of official party committees at a partisan primary.

No voter may vote the ballot of any political party at any primary election unless he or she has disclosed a preference for that party upon registering to vote or unless he or she has declined to disclose a party preference and the political party, by party rule duly noticed to the Secretary of State, authorizes a person who has declined to disclose a party preference to vote the ballot of that political party.

(b) If any candidate for nomination or election to a voter-nominated office will appear on the ballot, the Secretary of State shall include in the state ballot pamphlet a written explanation of the electoral procedure for such offices, as follows:

VOTER-NOMINATED OFFICES

Under the California Constitution, political parties are not entitled to formally nominate candidates for voter-nominated offices at the primary election, and a candidate nominated for a voter-nominated office at the primary election is not the official nominee of any party for the office in question at the ensuing general election. A candidate for nomination or election to a voter-nominated office may, however, designate his or her party preference, or lack of party preference, and have that designation reflected on the primary and general election ballot, but the party designation so indicated is selected solely by the candidate and is shown for the information of the voters only. It does not constitute or imply an endorsement of the candidate by the party designated, and no candidate nominated by the qualified voters for any voter-nominated office shall be deemed to be the officially nominated candidate of any political party. The parties may have a list of candidates for voter-nominated offices, who have received the official endorsement of the party, printed in the sample ballot.

All voters, regardless of the party for which they have expressed a preference upon registering, or of their refusal to disclose a party preference, may vote for any candidate for a voter-nominated office,

Exhibit 3
Page 17

provided they meet the other qualifications required to vote for that office. The top two vote-getters at the primary election advance to the general election for the voter-nominated office, and both candidates may have specified the same party preference designation. No party is entitled to have a candidate with its party preference designation participate in the general election unless such candidate is one of the two highest vote-getters at the primary election.

(c) If any candidate for nomination or election to a nonpartisan office, other than judicial office, shall appear on the ballot, the Secretary of State shall include in the state ballot pamphlet a written explanation of the electoral procedure for such offices, as follows:

NONPARTISAN OFFICES

Under the California Constitution, political parties are not entitled to nominate candidates for nonpartisan offices at the primary election, and a candidate nominated for a nonpartisan office at the primary election is not the official nominee of any party for the office in question at the ensuing general election. A candidate for nomination or election to a nonpartisan office may NOT designate his or her party preference, or lack of party preference, on the primary and general election ballot. The top two vote-getters at the primary election advance to the general election for the nonpartisan office.

(d) Posters or other printed materials containing the notices specified in subdivisions (a) to (c), inclusive, shall be included in the precinct supplies pursuant to Section 14105.

SEC. 41. Section 9084.5 is added to the Elections Code, to read:

9084.5. In addition to the materials specified in Section 9084, the ballot pamphlet shall contain a written explanation of the appropriate election procedures for party-nominated, voter-nominated, and nonpartisan offices as required by Section 9083.5.

SEC. 42. *Section 10705 of the Elections Code is amended* to read:

10705.

(a) All candidates shall be listed on one ballot and, except as provided in subdivision (b), if any candidate receives a majority of all votes cast, he or she shall be declared elected, and no special general election shall be held.

(b) If only one candidate qualifies to have his or her name printed on the special general election ballot, that candidate shall be declared elected, and no special general election shall be held.

SEC. 43. *Section 10706 of the Elections Code is amended* to read:

10706. If no candidate receives a majority of votes cast, the names of the two candidates who receive the highest and second highest number of votes cast at the special primary election shall be placed on the special general election ballot.

SEC. 44. *Section 12108 of the Elections Code is amended* to read:

12108. In any case where this chapter requires the posting or distribution of a list of the names of precinct board members, or a portion of the list, the officers charged with the duty of posting shall ascertain the name of the political party, if any, for which each precinct board member has expressed a preference, as shown in the affidavit of registration of that person. When the list is posted or distributed, there shall be printed the name of the board member' s party preference or an abbreviation of the name to the right of the name, or immediately below the name, of each precinct board member. If a precinct board member has not expressed a preference for a political party, the words " "No Party Preference" shall be printed in place of the party name.

SEC. 45. *Section 13102 of the Elections Code is amended* to read:

13102.

Exhibit 3
Page 18

2009 Bill Text CA S.B. 6

    (a)  All voting shall be by ballot. There shall be provided, at each polling place, at each election at which public officers are to be voted for, but one form of ballot for all candidates for public office, except that, for partisan primary elections, one form of ballot shall be provided for each qualified political party as well as one form of nonpartisan ballot, in accordance with subdivision (b).

    (b)  At partisan primary elections, each voter not registered disclosing a preference with any one of the political parties participating in the election shall be furnished only a nonpartisan ballot, unless he or she requests a ballot of a political party and that political party, by party rule duly noticed to the Secretary of State, authorizes a person who has declined to disclose a party preference to vote the ballot of that political party. The nonpartisan ballot shall contain only the names of all candidates for nonpartisan offices, voter-nominated offices, and measures to be voted for at the primary election. Each voter registered as preferring a political party participating in the election shall be furnished only a ballot for which he or she disclosed a party preference in accordance with Section 2151 or 2152 and the nonpartisan ballot, both of which shall be printed together as one ballot in the form prescribed by Section 13207.

    (c)  A political party may adopt a party rule in accordance with subdivision (b) that authorizes a person who has declined to disclose a party preference to vote the ballot of that political party at the next ensuing partisan primary election. The political party shall notify the party chair immediately upon adoption of that party rule. The party chair shall provide written notice of the adoption of that rule to the Secretary of State not later than the 135th day prior to the partisan primary election at which the vote is authorized.

    (d)  The county elections official shall maintain a record of which political party's ballot was requested pursuant to subdivision (b), or whether a nonpartisan ballot was requested, by each person who declined to disclose a party preference. The record shall be made available to any person or committee who is authorized to receive copies of the printed indexes of registration for primary and general elections pursuant to Section 2184. A record produced pursuant to this subdivision shall be made available in either a printed or electronic format, as requested by the authorized person or committee.

SEC. 46.   *Section 13105 of the Elections Code is amended* to read:

    13105.

    (a)  In the case of candidates for a voter-nominated office in a

        primary election, a general election, or a special election to fill a vacancy in the office of United States Senator, Member of the United States House of Representatives, State Senator, or Member of the Assembly, immediately to the right of and on the same line as the name of the candidate, or immediately below the name if there is not sufficient space to the right of the name, there shall be identified in eight-point roman lowercase type the name of the political party designated by the candidate pursuant to Section 8002.5. The identification shall be in substantially the following form: "My party preference is the _____ Party." If the candidate designates no political party, the phrase "No Party Preference" shall be printed instead of the party preference identification. If the candidate chooses not to have his or her party preference listed on the ballot, the space that would be filled with a party preference designation shall be left blank.

    (b)  In the case of candidates for President and Vice President, the name of the party shall appear to the right of and equidistant from the pair of names of these candidates.

    (c)  If for a general election any candidate for President of the United States or Vice President of the United States has received the nomination of any additional party or parties, the name(s) shall be

**Exhibit 3**
**Page 19**

2009 Bill Text CA S.B. 6

printed to the right of the name of the candidate's own party. Party names of a candidate shall be separated by commas. If a candidate has qualified for the ballot by virtue of an independent nomination, the word "Independent" shall be printed instead of the name of a political party in accordance with the above rules.

SEC. 47.  Section 13109.5 is added to the Elections Code, to read:

13109.5.  Notwithstanding anything in Section 13109 to the contrary, and to facilitate compliance with Section 13206, the elections official may list the offices specified in subdivision (h) of Section 13109 directly after the offices specified in subdivisions (a) and (b) of Section 13109, when the offices specified in those subsections are on the ballot, or at the end of the ballot in elections at which the offices specified in subdivisions (a) and (b) of Section 13109 are not listed on the ballot.

SEC. 48.  *Section 13110 of the Elections Code is amended* to read:

13110.  The group of names of candidates for any partisan office, voter-nominated office, or nonpartisan office shall be the same on the ballots of all voters entitled to vote for candidates for that office, except that in partisan primary elections, the names of candidates for nomination to partisan office shall appear only on the ballots of the political party, the nomination of which they seek, and candidates for election to a political party committee shall appear only on the ballots of the political party for which the candidate seeks election.

SEC. 49.  *Section 13206 of the Elections Code is amended* to read:

13206.

  (a)  On the partisan ballot used in a direct primary election, immediately below the instructions to voters, there shall be a box not less than one-half inch high enclosed by a heavy-ruled line the same as the borderline. This box shall be as long as there are columns for the partisan ballot and shall be set directly above these columns. Within the box shall be printed in 24-point boldface gothic capital type the words "Party-Nominated Offices." Immediately below that phrase within the same box shall be printed, in 8-point boldface gothic type, the following: "Only voters who disclosed a preference upon registering to vote for the same party as the candidate seeking the nomination of any party for the Presidency or election to a party committee may vote for that candidate at the primary election, unless the party has adopted a rule to permit non-party voters to vote in its primary elections."

  (b)  The same style of box described in subdivision (a) shall also appear over the columns of the nonpartisan part of the ballot and within the box in the same style and point size of type shall be printed "Voter-Nominated and Nonpartisan Offices." Immediately below that phrase within the same box shall be printed, in 8-point boldface gothic type, the following:

"All voters, regardless of the party preference they disclosed upon registration, or refusal to disclose a party preference, may vote for any candidate for a voter-nominated or nonpartisan office.

Voter-Nominated Offices. The party preference, if any, designated by a candidate for a voter-nominated office is selected by the candidate and is shown for the information of the voters only.

It does not constitute or imply an endorsement of the candidate by the party indicated, and no candidate nominated by the qualified voters for any voter-nominated office shall be deemed to be the officially nominated candidate of any political party.

"Nonpartisan Offices. A candidate for a nonpartisan office may not designate a party reference on the ballot."

SEC. 50.  *Section 13207 of the Elections Code is amended* to read:

Exhibit 3
Page 20

2009 Bill Text CA S.B. 6

13207.

    (a) There shall be printed on the ballot in parallel columns all of the following:

        (1) The respective offices.

        (2) The names of candidates with sufficient blank spaces to allow the voters to write in names not printed on the ballot.

        (3) Whatever measures have been submitted to the voters.

    (b) In the case of a ballot which is intended for use in a party primary and which carries both partisan offices, voter-nominated offices, and nonpartisan offices, a vertical solid black line shall divide the columns containing partisan offices, on the left, from the columns containing nonpartisan offices and voter-nominated offices, on the right.

    (c) The standard width of columns containing partisan offices, nonpartisan offices, and voter-nominated offices, shall be three inches, but a elections official may vary the width of these columns up to 10 percent more or less than the three-inch standard. However, the column containing presidential and vice presidential candidates may be as wide as four inches.

    (d) Any measures that are to be submitted to the voters shall be printed in one or more parallel columns to the right of the columns containing the names of candidates and shall be of sufficient width to contain the title and summary of each measure. To the right of each title and summary shall be printed, on separate lines, the words "Yes" and "No."

SEC. 51.  *Section 13208 of the Elections Code is amended* to read:

13208.

    (a) In the right-hand margin of each column light vertical lines shall be printed in such a way as to create a voting square after the name of each candidate for partisan office, voter-nominated office, nonpartisan office (except for justice of the Supreme Court or court of appeal), or for chairman of a group of candidates for delegate to a national convention who express no preference for a presidential candidate. In the case of Supreme Court or appellate justices and in the case of measures submitted to the voters, the lines shall be printed so as to create voting squares to the right of the words "Yes" and "No." The voting squares shall be used by the voters to express their choices as provided for in the instruction to voters.

    (b) The standard voting square shall be at least three-eighths of an inch square but may be up to one-half inch square. Voting squares for measures may be as tall as is required by the space occupied by the title and summary.

SEC. 52.  *Section 13230 of the Elections Code is amended* to read:

13230.

    (a) If the county elections official determines that, due to the number of candidates and measures that must be printed on the ballot, the ballot will be larger than may be conveniently handled, the county elections official may provide that a nonpartisan ballot shall be given to each partisan voter, together with his or her partisan ballot, and that the material appearing under the heading "Voter Nominated and Nonpartisan Offices" on partisan ballots, as well as the heading itself, shall be omitted from the partisan ballots.

    (b) If the county elections official so provides, the procedure prescribed for the handling and canvassing of ballots shall be modified to the extent necessary to permit the use of two ballots by partisan voters. The county elections official may, in this case, order the second ballot to be printed on paper of a different tint, and assign to those ballots numbers higher than those assigned to the ballots containing partisan offices.

Exhibit 3
Page 21

(c) "Partisan voters," for purposes of this section, includes both persons who have disclosed a party preference pursuant to Section 2151 or 2152 and persons who have declined to disclose a party preference, but who have chosen to vote the ballot of a political party as authorized by that party's rules duly noticed to the Secretary of State.

SEC. 53.  *Section 13300 of the Elections Code is amended* to read:

13300.

(a) By at least 29 days before the primary, each county elections official shall prepare separate sample ballots for each political party and a separate sample nonpartisan ballot, placing thereon in each case in the order provided in Chapter 2 (commencing with Section 13100), and under the appropriate title of each office, the names of all candidates for whom nomination papers have been duly filed with him or her or have been certified to him or her by the Secretary of State to be voted for in his or her county at the primary election.

(b) The sample ballot shall be identical to the official ballots, except as otherwise provided by law. The sample ballots shall be printed on paper of a different texture from the paper to be used for the official ballot.

(c) One sample ballot of the party for which the voter has disclosed a preference, as evidenced by his or her registration, shall be mailed to each voter entitled to vote at the primary who registered at least 29 days prior to the election not more than 40 nor less than 10 days before the election. A nonpartisan sample ballot shall be so mailed to each voter who is not registered as preferring with any of the parties participating in the primary election, provided that on election day any person may, upon request, vote the ballot of a political party if authorized by the party's rules, duly noticed to the Secretary of State.

SEC. 54.  *Section 13302 of the Elections Code is amended* to read:

13302.

(a) The county elections official shall forthwith submit the sample ballot of each political party to the chairperson of the county central committee of that party, and shall mail a copy to each candidate for whom nomination papers have been filed in his or her office or whose name has been certified to him or her by the Secretary of State, to the post office address as given in the nomination paper or certification. The county elections official shall post a copy of each sample ballot in a conspicuous place in his or her office.

(b) In connection with any election at which a candidate for a voter-nominated office will appear on the ballot, any qualified political party may submit to the county elections official a list of all candidates for voter-nominated office who will appear on any ballot in the county in question, and who have been endorsed by the party by whatever lawful mechanism the party adopts for endorsing candidates for voter-nominated office. The county elections official shall print any such list that is timely received in the sample ballot. The party chair shall provide a written copy of the list of candidates endorsed or nominated by the party not later than 83 days prior to the election at which the candidate for a voter-nominated office will appear on the ballot.

SEC. 55.  *Section 13305 of the Elections Code is amended* to read:

13305.

(a) In each county, the county central committee of each qualified political party may supply to its county elections official, not less than 83 days prior to the direct primary election, a party contributor envelope or a one-page letter, in which both sides may be utilized, to be included in the mailing of the sample ballot to each of the registered voters in the county who have disclosed a preference for that same party on the voter's affidavit of registration. In lieu of supplying the elections official with a sufficient number of copies of the one-page letter, a county central

Exhibit 3
Page 22

2009 Bill Text CA S.B. 6

committee may supply the elections official, not less than 83 days before the direct primary election, with the text of the letter and request the elections official to print, or cause to be printed, a sufficient number of copies of the letter to accommodate the mailing. The elections official shall notify the respective county committee of, and the committee shall reimburse the county for, any actual costs incurred by the inclusion or printing, or both. The elections official may, prior to acting pursuant to this subdivision, require the county committee to post a bond to ensure the reimbursement.

(b) Each envelope or letter shall contain a space for the name and address of the contributor, and shall contain language which informs the contributor of the manner in which the money received shall be spent. The language on the envelope or letter shall not contain words critical of any other political party.

(c) All funds received by the return of the party contributor envelopes or in response to the letters shall be kept separate from all other funds and shall be kept in a fund (account) to be established in each county. Any funds which are prohibited under federal law from being used for candidates for federal office shall be further segregated and any portion allocated to candidates shall be disbursed only to candidates for state office.

SEC. 56.  Section 14105.1 is added to the Elections Code, to read:

14105.1.  In addition to the materials identified in Section 14105, the elections official shall furnish to the precinct officers printed copies of the notices specified in Section 9083.5, as supplied by the Secretary of State. The notices shall be conspicuously posted both inside and outside every polling place.

SEC. 57.  *Section 15451 of the Elections Code is amended* to read:

15451.  The nominees for a voter-nominated office shall be determined in accordance with Section 8141.5 and subdivision (b) of Section 8142.

SEC. 58.  *Section 15452 of the Elections Code is amended* to read:

15452.  The person who receives a plurality of the votes cast for any office is elected or nominated to that office in any election, except:

(a) An election for which different provision is made by any city or county charter.

(b) A municipal election for which different provision is made by the laws under which the city is organized.

(c) The election of local officials in primary elections as specified in Article 8 (commencing with Section 8140) of Part 1 of Division 8.

(d) The nomination of candidates for voter-nominated office at the primary election to participate in the general election for that office as specified in Article 8 (commencing with Section 8140) of Part 1 of Division 8.

SEC. 59.  *Section 15670 of the Elections Code is amended* to read:

15670.  This article applies only to:

(a) Candidates for delegates to a national convention for the nomination of party candidates for President and Vice President of the United States.

(b) Candidates for nomination at the direct primary to offices other than nonpartisan offices or voter-nominated offices.

SEC. 60.  *Section 15671 of the Elections Code is amended* to read:

15671.  In case of a tie vote for member of a county central committee, where the office is to be voted for wholly within one county, the election board shall forthwith summon the candidates who have received

Exhibit 3
Page 23

2009 Bill Text CA S.B. 6

tie votes to appear before it, at a time and place to be designated by the board, and the board shall at that time and place determine the tie by lot.

SEC. 61.  *Section 19300 of the Elections Code is amended* to read:

19300.  A voting machine shall, except at a direct primary election or any election at which a candidate for voter-nominated office is to appear on the ballot, permit the voter to vote for all the candidates of one party or in part for the candidates of one party and in part for the candidates of one or more other parties.

SEC. 62.  *Section 19301 of the Elections Code is amended* to read:

19301.

    (a)  A voting machine shall provide in the general election for grouping under the name of the office to be voted on, all the candidates for the office with the designation of the parties, if any, by which they were respectively nominated or which they designated pursuant to Section 8002.5.

    (b)  With respect to party-nominated offices, the designation may be by usual or reasonable abbreviation of party names. With respect to voter-nominated offices, the voting machine shall conform to the format specified in subdivision (b) of Section 13105.

SEC. 63.  *Section 88001 of the Government Code is amended* to read:

88001.  The ballot pamphlet shall contain all of the following:

    (a)  A complete copy of each state measure.

    (b)  A copy of the specific constitutional or statutory provision, if any, that would be repealed or revised by each state measure.

    (c)  A copy of the arguments and rebuttals for and against each state measure.

    (d)  A copy of the analysis of each state measure.

    (e)  Tables of contents, indexes, art work, graphics and other materials that the Secretary of State determines will make the ballot pamphlet easier to understand or more useful for the average voter.

    (f)  A notice, conspicuously printed on the cover of the ballot pamphlet, indicating that additional copies of the ballot pamphlet will be mailed by the county elections official upon request.

    (g)  A written explanation of the judicial retention procedure as required by *Section 9083 of the Elections Code*.

    (h)  The Voter Bill of Rights pursuant to *Section 2300 of the Elections Code*.

    (i)  If the ballot contains an election for the office of United States Senator, information on candidates for United States Senator. A candidate for United States Senator may purchase the space to place a statement in the state ballot pamphlet that does not exceed 250 words. The statement may not make any reference to any opponent of the candidate. The statement shall be submitted in accordance with timeframes and procedures set forth by the Secretary of State for the preparation of the state ballot pamphlet.

    (j)  If the ballot contains a question as to the confirmation or retention of a justice of the Supreme Court, information on justices of the Supreme Court who are subject to confirmation or retention.

    (k)  If the ballot contains an election for the offices of President and Vice President of the United States, a notice that refers voters to the Secretary of State's Internet Web site for information about candidates for the offices of President and Vice President of the United States.

    (l)  A written explanation of the appropriate election procedures for party-nominated, voter-nominated, and nonpartisan offices as required by *Section 9083.5 of the Elections Code*.

Exhibit 3
Page 24

2009 Bill Text CA S.B. 6

SEC. 64.   This measure shall be interpreted so as to be consistent with all federal and state laws, rules, and regulations. This measure shall be broadly construed in order to achieve the purposes of the measure above. It is the intent of the Legislature that the provisions of this measure be interpreted or implemented in a manner that facilitates the purposes set forth in this measure.

SEC. 65.   If any provision of this measure, or part thereof, is for any reason held to be invalid or unconstitutional, the remaining provisions shall not be affected, but shall remain in full force and effect, and to this end the provisions of this measure are severable. The Legislature declares that this measure, and each section, subdivision, sentence, clause, phrase, part, or portion thereof, would have been passed irrespective of the fact that any one or more sections, subdivisions, sentences, clauses, phrases, parts, or portions is found to be invalid. If any provision of this measure is held invalid as applied to any person or circumstance, such invalidity does not affect any application of this measure that can be given effect without the invalid application.

SEC. 66.   If the Commission on State Mandates determines that this act contains costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code.

SEC. 67.   This measure shall become operative only if SCA 4 is approved by the voters.

## History

CHAPTER 1

FILED WITH SECRETARY OF STATE FEBRUARY 20, 2009

APPROVED BY GOVERNOR FEBRUARY 20, 2009

PASSED THE SENATE FEBRUARY 19, 2009

PASSED THE ASSEMBLY FEBRUARY 19, 2009

AMENDED IN SENATE FEBRUARY 19, 2009

INTRODUCED BY SENATOR MALDONADO

DECEMBER 1, 2008

## Sponsor(s)

Maldonado

## Classification

**Subject:**  PRIMARY ELECTIONS (96%); CAMPAIGNS & ELECTIONS (95%); ELECTIONS (93%); LEGISLATORS (82%); LEGISLATION (81%); TAXES & TAXATION (73%); LEGISLATIVE BODIES (63%); VOTERS & VOTING (63%); POLITICAL CANDIDATES (63%); US POLITICAL PARTIES (63%); PRESIDENTIAL ELECTIONS (63%); APPROVALS (62%); US STATE GOVERNMENT (62%)

**Load-Date:** February 24, 2009

THE STATE OF CALIFORNIA BILL TEXT

**Exhibit 3**
**Page 25**

2009 Bill Text CA S.B. 6

Copyright ©2009 LexisNexis. All rights reserved.

Exhibit 3
Page 26

# Exhibit 4

| | |
|---|---|
| **From:** | Christopher Skinnell <CSkinnell@nmgovlaw.com> |
| **Sent:** | Tuesday, October 27, 2015 1:14 PM |
| **To:** | Minnick, Kevin J (LAC); Faigen, Zachary (LAC); Hirsch, Maximillian W (LAC); BHamme@aclusocal.org |
| **Subject:** | Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.) |

Dear Mr. Minnick, Mr. Faigen, Mr. Hirsch, and Mr. Hamme,

I represent Californians to Defend the Open Primary and the other supporters of Proposition 14 who have successfully intervened in each of the suits that have been brought so far seeking to challenge the that measure and the statutes implementing it, including the rules governing party labels on the ballot.  We have represented the interveners in *Field v. Bowen*, *Chamness v. Bowen*, *Brown v. Bowen*, *Milonopoulos v. Bowen*, and the just-finalized *Rubin v. Padilla*.

We learned recently of the suit that you filed in federal district court again challenging the rules governing party labels on the ballot (*Soltysik v. Padilla*), and I am writing to inquire whether you would stipulate to my clients' intervention in this suit as well.

My clients have no interest in seeking to delay resolution of your action.  We would abide by all the deadlines set by the Court, and our briefing would be on behalf of all of our clients jointly, not separate briefs for each.  I understand from Peter Chang, the Deputy Attorney General handling this case for the Mr. Padilla, that you recently perfected service on the Secretary's office by waiver, so that the Secretary's responsive pleading will be due in approximately 60 days. I would certainly agree that our responsive pleading would be filed no later than the State's.

I have spoken to counsel for Alex Padilla and Dean Logan, and both have indicated that they will stipulate to our intervention.

I would appreciate hearing from you by the end of the day tomorrow regarding your willingness to agree to our intervention, so that if we are forced to file a motion seeking intervention we can do so promptly.

Thank you for your consideration in advance.

Sincerely,

**Chris Skinnell, Partner**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250

**Exhibit 4**
**Page 27**

San Rafael, California 94901
t: 415.389.6800 | f: 415.388.6874

Please visit www.nmgovlaw.com for more information about our firm

**CONFIDENTIAL COMMUNICATION:** This e-mail, including any attached files, is confidential and is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

2

**Exhibit 4**
**Page 28**

# Exhibit 5

**From:**       Brendan Hamme <BHamme@ACLUSOCAL.ORG>
**Sent:**       Wednesday, October 28, 2015 10:05 AM
**To:**         'Christopher Skinnell'; Minnick, Kevin J (LAC); Faigen, Zachary (LAC); Hirsch, Maximillian
                W (LAC)
**Subject:**    RE: Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.)

Dear Mr. Skinnell,

Thank you for your email. In order to properly consider your request for a stipulation, it would be helpful to have a more
complete understanding of the circumstances underlying your request. Can you tell us which parties, beyond Californians
to Defend the Open Primary, are seeking to intervene? What is the basis on which those parties assert that intervention
would be appropriate? More generally, what is your clients' position regarding Plaintiffs' complaint; in other words, do you
anticipate your clients will intervene as plaintiffs or defendants?

Regards,
Brendan Hamme
Staff Attorney
ACLU of Southern California
Orange County Office
1851 E First Street, Suite 450
Santa Ana, CA 92705
(714) 450-3963

website || facebook || twitter || blog

**The ACLU: Stand for Justice**
THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.

**From:** Christopher Skinnell [mailto:CSkinnell@nmgovlaw.com]
**Sent:** Tuesday, October 27, 2015 1:14 PM
**To:** Kevin.Minnick@probonolaw.com; Zack.Faigen@probonolaw.com; Maximillian.Hirsch@probonolaw.com; Brendan
Hamme <BHamme@ACLUSOCAL.ORG>
**Subject:** Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.)

Dear Mr. Minnick, Mr. Faigen, Mr. Hirsch, and Mr. Hamme,

I represent Californians to Defend the Open Primary and the other supporters of Proposition
14 who have successfully intervened in each of the suits that have been brought so far
seeking to challenge the that measure and the statutes implementing it, including the rules
governing party labels on the ballot. We have represented the interveners in *Field v. Bowen*,
*Chamness v. Bowen*, *Brown v. Bowen*, *Milonopoulos v. Bowen*, and the just-finalized *Rubin v.
Padilla*.

1

Exhibit 5
Page 29

We learned recently of the suit that you filed in federal district court again challenging the rules governing party labels on the ballot (*Soltysik v. Padilla*), and I am writing to inquire whether you would stipulate to my clients' intervention in this suit as well.

My clients have no interest in seeking to delay resolution of your action. We would abide by all the deadlines set by the Court, and our briefing would be on behalf of all of our clients jointly, not separate briefs for each. I understand from Peter Chang, the Deputy Attorney General handling this case for the Mr. Padilla, that you recently perfected service on the Secretary's office by waiver, so that the Secretary's responsive pleading will be due in approximately 60 days. I would certainly agree that our responsive pleading would be filed no later than the State's.

I have spoken to counsel for Alex Padilla and Dean Logan, and both have indicated that they will stipulate to our intervention.

I would appreciate hearing from you by the end of the day tomorrow regarding your willingness to agree to our intervention, so that if we are forced to file a motion seeking intervention we can do so promptly.

Thank you for your consideration in advance.

Sincerely,

**Chris Skinnell, Partner**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800   |   f: 415.388.6874

Please visit www.nmgovlaw.com for more information about our firm

**CONFIDENTIAL COMMUNICATION:** This e-mail, including any attached files, is confidential and is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

**Exhibit 5**
**Page 30**

# Exhibit 6

| From: | Christopher Skinnell <CSkinnell@nmgovlaw.com> |
| Sent: | Thursday, October 29, 2015 5:57 PM |
| To: | Brendan Hamme; Minnick, Kevin J (LAC); Faigen, Zachary (LAC); Hirsch, Maximillian W (LAC) |
| Subject: | RE: Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.) |

Dear Mr. Hamme,

Thank you for your e-mail.

I am still nailing down which parties in addition to Californians to Defend the Open Primary ("CADOP") may be included. If you will stipulate to CADOP's intervention, however, I could probably agree to limit intervention only to that group for the sake of streamlining the proceedings. Regardless of the parties involved, we would anticipate intervening as defendants, as we previously have.

As for CADOP's interests, they are the same interests that have previously supported intervention in *Field*, *Chamness*, *Brown* and *Rubin*: Under controlling 9th Circuit case law, CADOP has an interest that supports its intervention of right as the public interest group that supported the passage of Proposition 14 and its implementing legislation in 2010. *See, e.g., Prete v. Bradbury*, 438 F.3d 949, 955 (9th Cir. 2006); *Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627 (9th Cir. 1982), *cert. denied by Don't Waste Wash. Legal Defense Found. v. Washington,* 461 U.S. 913 (1983); *State of Idaho v. Freeman*, 625 F.2d 886 (9th Cir. 1980). *See also Vivid Entm't, LLC v. Fielding*, 2013 U.S. Dist. LEXIS 109251 (C.D. Cal. Aug. 2, 2013) (Supreme Court's ruling in *Perry v. Hollingsworth* that ballot measure proponents lack Article III standing to appeal an adverse judgment where the government declines to do so does not preclude such proponents from intervening in the trial court to defend the validity of the measure), *aff'd*, 774 F.3d 566 (9th Cir. 2014).

Additionally, CADOP was actively involved in the legislative process that resulted in the adoption of AB 1413 in 2012, which amended Proposition 14's implementing legislation. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) ("A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported.").

I look forward to receiving your response.

Sincerely,

**Chris Skinnell, Partner**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250

**Exhibit 6
Page 31**

San Rafael, California 94901
t: 415.389.6800 | f: 415.388.6874

Please visit www.nmgovlaw.com for more information about our firm

**CONFIDENTIAL COMMUNICATION:** This e-mail, including any attached files, is confidential and is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

**CIRCULAR 230 DISCLOSURE:** In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Brendan Hamme [mailto:BHamme@ACLUSOCAL.ORG]
**Sent:** Wednesday, October 28, 2015 10:05 AM
**To:** Christopher Skinnell <CSkinnell@nmgovlaw.com>; Kevin.Minnick@probonolaw.com; Zack.Faigen@probonolaw.com; Maximillian.Hirsch@probonolaw.com
**Subject:** RE: Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.)

Dear Mr. Skinnell,

Thank you for your email. In order to properly consider your request for a stipulation, it would be helpful to have a more complete understanding of the circumstances underlying your request. Can you tell us which parties, beyond Californians to Defend the Open Primary, are seeking to intervene? What is the basis on which those parties assert that intervention would be appropriate? More generally, what is your clients' position regarding Plaintiffs' complaint; in other words, do you anticipate your clients will intervene as plaintiffs or defendants?

Regards,
Brendan Hamme
Staff Attorney
ACLU of Southern California
Orange County Office
1851 E First Street, Suite 450
Santa Ana, CA 92705
(714) 450-3963

website || facebook || twitter || blog

**The ACLU: Stand for Justice**
THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

---

**From:** Christopher Skinnell [mailto:CSkinnell@nmgovlaw.com]
**Sent:** Tuesday, October 27, 2015 1:14 PM
**To:** Kevin.Minnick@probonolaw.com; Zack.Faigen@probonolaw.com; Maximillian.Hirsch@probonolaw.com; Brendan Hamme <BHamme@ACLUSOCAL.ORG>
**Subject:** Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.)

Dear Mr. Minnick, Mr. Faigen, Mr. Hirsch, and Mr. Hamme,

Exhibit 6
Page 32

I represent Californians to Defend the Open Primary and the other supporters of Proposition 14 who have successfully intervened in each of the suits that have been brought so far seeking to challenge the that measure and the statutes implementing it, including the rules governing party labels on the ballot. We have represented the interveners in *Field v. Bowen*, *Chamness v. Bowen*, *Brown v. Bowen*, *Milonopoulos v. Bowen*, and the just-finalized *Rubin v. Padilla*.

We learned recently of the suit that you filed in federal district court again challenging the rules governing party labels on the ballot (*Soltysik v. Padilla*), and I am writing to inquire whether you would stipulate to my clients' intervention in this suit as well.

My clients have no interest in seeking to delay resolution of your action. We would abide by all the deadlines set by the Court, and our briefing would be on behalf of all of our clients jointly, not separate briefs for each. I understand from Peter Chang, the Deputy Attorney General handling this case for the Mr. Padilla, that you recently perfected service on the Secretary's office by waiver, so that the Secretary's responsive pleading will be due in approximately 60 days. I would certainly agree that our responsive pleading would be filed no later than the State's.

I have spoken to counsel for Alex Padilla and Dean Logan, and both have indicated that they will stipulate to our intervention.

I would appreciate hearing from you by the end of the day tomorrow regarding your willingness to agree to our intervention, so that if we are forced to file a motion seeking intervention we can do so promptly.

Thank you for your consideration in advance.

Sincerely,

**Chris Skinnell, Partner**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800 | f: 415.388.6874

Please visit www.nmgovlaw.com for more information about our firm

CONFIDENTIAL COMMUNICATION: This e-mail, including any attached files, is confidential and is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

**Exhibit 6**
**Page 33**

# Exhibit 7

| From: | Minnick, Kevin J (LAC) |
|---|---|
| Sent: | Wednesday, November 04, 2015 12:31 PM |
| To: | 'Christopher Skinnell'; Brendan Hamme; Faigen, Zachary (LAC); Hirsch, Maximillian W (LAC) |
| Subject: | RE: Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.) |

Mr. Skinnell,

We have reviewed the cases construing Rule 24(a) that you supplied and have concluded that, under *Prete v. Bradbury*, 438 F.3d 949, 955 (9th Cir. 2006), intervention as of right would be error given the circumstances presented here. On that basis, we will oppose your intervention.

However, we would not oppose your filing amicus briefs at appropriate stages during the litigation. If that option is acceptable to you, perhaps motion practice can yet be avoided.

Thank you,
Kevin

**Kevin J. Minnick**
300 South Grand Avenue | Los Angeles | California | 90071-3144
T: 213.687.5272 | F: 213.621.5272 | M:419.308.1271
kevin.minnick@probonolaw.com

---

**From:** Christopher Skinnell [mailto:CSkinnell@nmgovlaw.com]
**Sent:** Thursday, October 29, 2015 5:57 PM
**To:** Brendan Hamme; Minnick, Kevin J (LAC); Faigen, Zachary (LAC); Hirsch, Maximillian W (LAC)
**Subject:** RE: Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.)

Dear Mr. Hamme,

Thank you for your e-mail.

I am still nailing down which parties in addition to Californians to Defend the Open Primary ("CADOP") may be included. If you will stipulate to CADOP's intervention, however, I could probably agree to limit intervention only to that group for the sake of streamlining the proceedings. Regardless of the parties involved, we would anticipate intervening as defendants, as we previously have.

As for CADOP's interests, they are the same interests that have previously supported intervention in *Field, Chamness, Brown* and *Rubin*: Under controlling 9th Circuit case law, CADOP has an interest that supports its intervention of right as the public interest group that supported the passage of Proposition 14 and its implementing legislation in 2010. *See, e.g., Prete v. Bradbury*, 438 F.3d 949, 955 (9th Cir. 2006); *Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627 (9th Cir. 1982), *cert. denied by Don't Waste Wash. Legal Defense Found. v. Washington*, 461 U.S. 913 (1983); *State of Idaho v. Freeman*, 625 F.2d 886

1

**Exhibit 7**
**Page 34**

(9th Cir. 1980). *See also Vivid Entm't, LLC v. Fielding*, 2013 U.S. Dist. LEXIS 109251 (C.D. Cal. Aug. 2, 2013) (Supreme Court's ruling in *Perry v. Hollingsworth* that ballot measure proponents lack Article III standing to appeal an adverse judgment where the government declines to do so does not preclude such proponents from intervening in the trial court to defend the validity of the measure), *aff'd*, 774 F.3d 566 (9th Cir. 2014).

Additionally, CADOP was actively involved in the legislative process that resulted in the adoption of AB 1413 in 2012, which amended Proposition 14's implementing legislation. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) ("A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported.").

I look forward to receiving your response.

Sincerely,

**Chris Skinnell, Partner**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800   |   f: 415.388.6874

Please visit www.nmgovlaw.com for more information about our firm

**CONFIDENTIAL COMMUNICATION:** This e-mail, including any attached files, is confidential and is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

**CIRCULAR 230 DISCLOSURE:** In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Brendan Hamme [mailto:BHamme@ACLUSOCAL.ORG]
**Sent:** Wednesday, October 28, 2015 10:05 AM
**To:** Christopher Skinnell <CSkinnell@nmgovlaw.com>; Kevin.Minnick@probonolaw.com; Zack.Faigen@probonolaw.com; Maximillian.Hirsch@probonolaw.com
**Subject:** RE: Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.)

Dear Mr. Skinnell,

Thank you for your email. In order to properly consider your request for a stipulation, it would be helpful to have a more complete understanding of the circumstances underlying your request. Can you tell us which parties, beyond Californians to Defend the Open Primary, are seeking to intervene? What is the basis on which those parties assert that intervention would be appropriate? More generally, what is your clients' position regarding Plaintiffs' complaint; in other words, do you anticipate your clients will intervene as plaintiffs or defendants?

Regards,
Brendan Hamme

**Exhibit 7**
**Page 35**

Staff Attorney
ACLU of Southern California
Orange County Office
1851 E First Street, Suite 450
Santa Ana, CA 92705
(714) 450-3963

website || facebook || twitter || blog

**The ACLU: Stand for Justice**
THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.

**From:** Christopher Skinnell [mailto:CSkinnell@nmgovlaw.com]
**Sent:** Tuesday, October 27, 2015 1:14 PM
**To:** Kevin.Minnick@probonolaw.com; Zack.Faigen@probonolaw.com; Maximillian.Hirsch@probonolaw.com; Brendan Hamme <BHamme@ACLUSOCAL.ORG>
**Subject:** Intervention in Soltysik v. Alex Padilla, et al., 2:15-cv-07916-AB-GJSx (C.D. Cal.)

Dear Mr. Minnick, Mr. Faigen, Mr. Hirsch, and Mr. Hamme,

I represent Californians to Defend the Open Primary and the other supporters of Proposition 14 who have successfully intervened in each of the suits that have been brought so far seeking to challenge the that measure and the statutes implementing it, including the rules governing party labels on the ballot.  We have represented the interveners in *Field v. Bowen*, *Chamness v. Bowen*, *Brown v. Bowen*, *Milonopoulos v. Bowen*, and the just-finalized *Rubin v. Padilla*.

We learned recently of the suit that you filed in federal district court again challenging the rules governing party labels on the ballot (*Soltysik v. Padilla*), and I am writing to inquire whether you would stipulate to my clients' intervention in this suit as well.

My clients have no interest in seeking to delay resolution of your action.  We would abide by all the deadlines set by the Court, and our briefing would be on behalf of all of our clients jointly, not separate briefs for each.  I understand from Peter Chang, the Deputy Attorney General handling this case for the Mr. Padilla, that you recently perfected service on the Secretary's office by waiver, so that the Secretary's responsive pleading will be due in approximately 60 days. I would certainly agree that our responsive pleading would be filed no later than the State's.

I have spoken to counsel for Alex Padilla and Dean Logan, and both have indicated that they will stipulate to our intervention.

3

Exhibit 7
Page 36

I would appreciate hearing from you by the end of the day tomorrow regarding your willingness to agree to our intervention, so that if we are forced to file a motion seeking intervention we can do so promptly.

Thank you for your consideration in advance.

Sincerely,

**Chris Skinnell, Partner**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800  |  f: 415.388.6874

Please visit www.nmgovlaw.com for more information about our firm

**CONFIDENTIAL COMMUNICATION:**  This e-mail, including any attached files, is confidential and is meant for only the intended recipient of the transmission, and may be a communication privileged by law.  If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited.  Please notify us immediately of the error by return e-mail and please delete this message from your system.  Thank you in advance for your cooperation.

**Exhibit 7**
**Page 37**

# Exhibit 8



**AB-1413 Elections.** (2011-2012)

### Assembly Bill No. 1413

### CHAPTER 3

An act to amend Sections 13, 334, 359.5, 2151, 2154, 2155, 3006, 3007.5, 3205, 7100, 8002.5, 8025, 8040, 8041, 8062, 8068, 8106, 8121, 8124, 8141.5, 8142, 8148, 8300, 8600, 8606, 8803, 8805, 8807, 9083.5, 10704, 10706, 12108, 13105, 13107, 13206, 13207, 13212, 13230, 13300, 13302, 15340, 15402, and 19301 of, to add Section 13206.5 to, and to repeal Sections 325 and 9084.5 of, the Elections Code, and to amend Sections 85312 and 85703 of the Government Code, relating to elections, and declaring the urgency thereof, to take effect immediately.

[ Approved by Governor February 10, 2012. Filed with Secretary of State February 10, 2012. ]

### LEGISLATIVE COUNSEL'S DIGEST

AB 1413, Fong. Elections.

Existing provisions of the California Constitution require a "voter-nominated primary election" for each state elective office and congressional office in California, in which a voter may vote at the primary election for any candidate for congressional or state elective office without regard to the political party preference disclosed by either the candidate or the voter. The candidates receiving the 2 highest vote totals for each office at the primary election, regardless of party preference, compete for the office at the general election. Existing provisions of the Elections Code implement the "voter-nominated primary election" of the California Constitution.

This bill would make technical revisions to provisions of the Elections Code to reflect the "voter-nominated primary election" process. The bill would conform the procedures applicable in case of a tie in the primary election for voter-nominated offices to the existing provisions applicable to specified partisan offices. The bill would impose requirements for forms relating to declaration of candidacy for voter-nominated offices, state ballot pamphlets, and ballots.

Existing law requires every person who desires to be a write-in candidate and have his or her name as written on the ballot of an election counted for a particular office to file a statement of write-in candidacy that contains specified information.

This bill would require that a statement of write-in candidacy for a voter-nominated office also include a certification of the candidate's complete voter registration and party affiliation or preference history for the preceding 10 years, or for as long as he or she has been eligible to vote in the state if less than 10 years. This bill would also provide that a person may not be a write-in candidate at the general election for a voter-nominated office.

Existing law states that a vacancy exists on a general election ballot whenever a candidate for nomination for a nonpartisan or voter-nominated office at a primary election dies on or before the day of the election, and a sufficient number of ballots are marked as being voted for him or her to entitle him or her to nomination if he or she had lived until after the election.

**Exhibit 8**
**Page 38**

This bill would instead require the name of the candidate for nomination for a voter-nominated office at a primary election to appear on the general election ballot under those circumstances.

Existing law prohibits a vacancy on the general election ballot to be filled except if the elections official ascertained the candidate's death at least 68 days before the date of the ensuing general election.

This bill would prohibit a vacancy on the general election ballot for a voter-nominated office to be filled without exception. This bill would require the name of a candidate who dies but is otherwise entitled to appear on the general election ballot to appear on the ballot and would require the votes cast for the deceased candidate to be counted in determining the results of the election for that office.

The Political Reform Act of 1974 defines and regulates campaign contributions and expenditures, including payments made by a political party for communications with its members.

This bill would make conforming changes to those provisions to reflect the voter-nominated primary election process.

The Political Reform Act of 1974, an initiative measure, provides that the Legislature may amend the act to further the act's purposes upon a 2/3 vote of each house and compliance with specified procedural requirements.

This bill would declare that it furthers the purposes of the act.

This bill would declare that it is to take effect immediately as an urgency statute.

Vote: 2/3   Appropriation: no   Fiscal Committee: yes   Local Program: no

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

SECTION 1. Section 13 of the Elections Code is amended to read:

13. (a) A person shall not be considered a legally qualified candidate for an office, for party nomination for a partisan office, or for nomination to participate in the general election for a voter-nominated office, under the laws of this state unless that person has filed a declaration of candidacy or statement of write-in candidacy with the proper official for the particular election or primary, or is entitled to have his or her name placed on a general election ballot by reason of having been nominated at a primary election, or having been selected to fill a vacancy on the general election ballot as provided in Section 8807, or having been selected as an independent candidate pursuant to Section 8304.

(b) Nothing in this section shall be construed as preventing or prohibiting any qualified voter of this state from casting a ballot for a person by writing the name of that person on the ballot, or from having that ballot counted or tabulated, nor shall this section be construed as preventing or prohibiting a person from standing or campaigning for an elective office by means of a "write-in" campaign. However, nothing in this section shall be construed as an exception to the requirements of Section 15341 or to permit a person to be a write-in candidate contrary to Sections 8600 and 8606.

(c) It is the intent of the Legislature, in enacting this section, to enable the Federal Communications Commission to determine who is a "legally qualified candidate" in this state for the purposes of administering Section 315 of Title 47 of the United States Code.

SEC. 2. Section 325 of the Elections Code is repealed.

SEC. 3. Section 334 of the Elections Code is amended to read:

334. "Nonpartisan office" means an office, except for a voter-nominated office, for which no party may nominate a candidate. Judicial, school, county, and municipal offices, including the Superintendent of Public Instruction, are nonpartisan offices.

SEC. 4. Section 359.5 of the Elections Code is amended to read:

359.5. (a) "Voter-nominated office" means a congressional or state elective office for which a candidate may choose to have his or her party preference or lack of party preference indicated upon the ballot. A political party or party central committee shall not nominate a candidate at a state-conducted primary election for a voter-nominated office. The primary conducted for a voter-nominated office does not serve to determine the

**Exhibit 8
Page 39**

nominees of a political party but serves to winnow the candidates for the general election to the candidates receiving the highest or second highest number of votes cast at the primary election. The following offices are voter-nominated offices:

(1) Governor.

(2) Lieutenant Governor.

(3) Secretary of State.

(4) Controller.

(5) Treasurer.

(6) Attorney General.

(7) Insurance Commissioner.

(8) Member of the State Board of Equalization.

(9) United States Senator.

(10) Member of the United States House of Representatives.

(11) State Senator.

(12) Member of the Assembly.

(b) This section does not prohibit a political party or party central committee from endorsing, supporting, or opposing a candidate for an office listed in subdivision (a).

**SEC. 5.** Section 2151 of the Elections Code is amended to read:

**2151.** (a) At the time of registering and of transferring registration, an elector may disclose the name of the political party that he or she prefers. The name of that political party shall be stated in the affidavit of registration and the index.

(b) (1) The voter registration card shall inform the affiant that an elector may decline to disclose a political party preference, but a person shall not be entitled to vote the ballot of a political party at a primary election for President of the United States or for a party committee unless he or she has disclosed the name of the party that he or she prefers or unless he or she has declined to disclose a party preference and the political party, by party rule duly noticed to the Secretary of State, authorizes a person who has declined to disclose a party preference to vote the ballot of that political party. The voter registration card shall further inform the affiant that a registered voter may vote for any candidate at a primary election for state elective office or congressional office, regardless of the disclosed party preference of the registrant or the candidate seeking that office or the refusal of the registrant or candidate to disclose a party preference.

(2) The voter registration card shall include a listing of all qualified political parties. As part of that listing, the voter registration card shall also contain an option that permits the affiant to decline to disclose a party preference. This option shall be placed at the end of the listing of qualified political parties.

(c) A person shall not be permitted to vote the ballot of a party or for delegates to the convention of a party other than the party disclosed as preferred in his or her registration, except as provided by Section 2152 or unless he or she has declined to disclose a party preference and the party, by party rule duly noticed to the Secretary of State, authorizes a person who has declined to disclose a party preference to vote the party ballot or for delegates to the party convention.

(d) As of the effective date of the statute that added this subdivision, any voter who previously stated a political party affiliation when registering to vote shall be deemed to have disclosed that same party as his or her political party preference unless the voter files a new affidavit of registration disclosing a different political party preference or no political party preference. Any voter who previously declined to state a party affiliation shall be deemed to have declined to disclose a party preference unless the voter files a new affidavit of registration disclosing a different political party preference.

(e) The Secretary of State may continue to supply existing affidavits of registration prior to printing new or revised forms that reflect the changes required pursuant to any amendment made to this section.

**Exhibit 8**
**Page 40**

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 50 of 67   Page ID #:233

Bill Text - AB-1413 Elections.                                    Page 4 of 21

**SEC. 6.** Section 2154 of the Elections Code is amended to read:

**2154.** In the event that the county elections official receives an affidavit of registration that does not include portions of the information for which space is provided, the county elections official shall apply the following rebuttable presumptions:

(a) If no middle name or initial is shown, it shall be presumed that none exists.

(b) If no party preference is shown, it shall be presumed that the affiant has declined to disclose a party preference.

(c) If no execution date is shown, it shall be presumed that the affidavit was executed on or before the 15th day prior to the election, provided that (1) the affidavit is received by the county elections official on or before the 15th day prior to the election, or (2) the affidavit is postmarked on or before the 15th day prior to the election and received by mail by the county elections official.

(d) If the affiant fails to identify his or her state of birth within the United States, it shall be presumed that the affiant was born in a state or territory of the United States if the birthplace of the affiant is shown as "United States," "U.S.A.," or other recognizable term designating the United States.

**SEC. 7.** Section 2155 of the Elections Code is amended to read:

**2155.** Upon receipt of a properly executed affidavit of registration or address correction notice or letter pursuant to Section 2119, Article 2 (commencing with Section 2220), or the National Voter Registration Act of 1993 (42 U.S.C. Sec. 1973gg), the county elections official shall send the voter a voter notification by nonforwardable, first-class mail, address correction requested. The voter notification shall state the party preference for which the voter has registered in the following format:

Party: (Name of political party)

The voter notification shall be substantially in the following form:

VOTER NOTIFICATION

You are registered to vote. The party preference you chose, if any, is on this card. This card is being sent as a notification of:

1. Your recently completed affidavit of registration.

OR,

2. A change to your registration because of an official notice that you have moved. If your residence address has not changed or if your move is temporary, please call or write to our office immediately.

OR,

3. Your recent registration with a change in party preference. If this change is not correct, please call or write to our office immediately.

You may vote in any election held 15 or more days after the date on this card.

Your name will appear on the index kept at the polls.

Please contact our office if the information shown on the reverse side of this card is incorrect.

 (Signature of Voter)

**SEC. 8.** Section 3006 of the Elections Code is amended to read:

**3006.** (a) A printed application that is to be distributed to a voter for requesting a vote by mail voter's ballot shall inform the voter that the application for the vote by mail voter's ballot must be received by the elections official not later than seven days prior to the date of the election and shall contain spaces for the following:

(1) The printed name and residence address of the voter as it appears on the affidavit of registration.

**Exhibit 8
Page 41**

Case 2:15-cv-07916-AB-GJS Document 19-1 Filed 11/23/15 Page 51 of 67 Page ID #:234

Bill Text - AB-1413 Elections.                                                          Page 5 of 21

(2) The address to which the ballot is to be mailed.

(3) The voter's signature.

(4) The name and date of the election for which the request is to be made.

(b) (1) The information required by paragraphs (1) and (4) of subdivision (a) may be preprinted on the application. The information required by paragraphs (2) and (3) of subdivision (a) shall be personally affixed by the voter.

(2) An address, as required by paragraph (2) of subdivision (a), may not be the address of a political party, a political campaign headquarters, or a candidate's residence. However, a candidate, his or her spouse, immediate family members, and any other voter who shares the same residence address as the candidate may request that a vote by mail ballot be mailed to the candidate's residence address.

(3) An application that contains preprinted information shall contain a conspicuously printed statement substantially similar to the following: "You have the legal right to mail or deliver this application directly to the local elections official of the county where you reside."

(c) The application shall inform the voter that if he or she has declined to disclose a preference for a political party, the voter may request a vote by mail ballot for a particular political party for the partisan primary election, if that political party has adopted a party rule, duly noticed to the Secretary of State, authorizing that vote. The application shall contain a toll-free telephone number, established by the Secretary of State, that the voter may call to access information regarding which political parties have adopted such a rule. The application shall contain a checkoff box with a conspicuously printed statement that reads substantially similar to the following: "I have declined to disclose a preference for a qualified political party. However, for this primary election only, I request a vote by mail ballot for the _____ Party." The name of the political party shall be personally affixed by the voter.

(d) The application shall provide the voter with information concerning the procedure for establishing permanent vote by mail voter status, and the basis upon which permanent vote by mail voter status is claimed.

(e) The application shall be attested to by the voter as to the truth and correctness of its content, and shall be signed under penalty of perjury.

**SEC. 9.** Section 3007.5 of the Elections Code is amended to read:

**3007.5.** (a) The Secretary of State shall prepare and distribute to appropriate elections officials a uniform electronic application format for a vote by mail voter's ballot that conforms to this section.

(b) The uniform electronic application shall inform the voter that the application for the vote by mail voter's ballot must be received by the elections official not later than seven days prior to the date of the election and shall contain spaces for at least the following information:

(1) The name and residence address of the registered voter as it appears on the affidavit of registration.

(2) The address to which the ballot is to be mailed.

(3) The name and date of the election for which the request is made.

(4) The date of birth of the registered voter.

(c) The uniform electronic application shall inform the voter that if he or she has declined to disclose a preference for a political party, the voter may request a vote by mail ballot for a particular political party for the partisan primary election, if that political party has adopted a party rule, duly noticed to the Secretary of State, authorizing that vote. The application shall contain a toll-free telephone number, established by the Secretary of State, that the voter may call to access information regarding which political parties have adopted such a rule. The application shall list the parties that have notified the Secretary of State of the adoption of such a rule. The application shall contain a checkoff box with a conspicuously printed statement that reads substantially similar to the following: "I have declined to disclose a preference for a qualified political party. However, for this primary election only, I request a vote by mail ballot for the _____ Party." The name of the political party shall be personally affixed by the voter.

**Exhibit 8
Page 42**

(d) The uniform electronic application shall contain a conspicuously printed statement substantially similar to the following: "Only the registered voter himself or herself may apply for a vote by mail ballot. An application for a vote by mail ballot made by a person other than the registered voter is a criminal offense."

(e) The uniform electronic application shall include a statement substantially similar to the following: "A ballot will not be sent to you if this application is incomplete or inaccurate."

(f) The uniform electronic application format shall not permit the form to be electronically submitted unless all of the information required to complete the application is contained in the appropriate fields.

**SEC. 10.** Section 3205 of the Elections Code is amended to read:

**3205.** (a) Vote by mail ballots mailed to, and received from, voters on the permanent vote by mail voter list are subject to the same deadlines and shall be processed and counted in the same manner as all other vote by mail ballots.

(b) Prior to each partisan primary election, county elections officials shall mail to every voter who has declined to disclose a preference for a political party whose name appears on the permanent vote by mail voter list a notice and application regarding voting in the primary election. The notice shall inform the voter that he or she may request a vote by mail ballot for a particular political party for the primary election, if that political party adopted a party rule, duly noticed to the Secretary of State, authorizing these voters to vote in their primary. The notice shall also contain a toll-free telephone number, established by the Secretary of State, that the voter may call to access information regarding which political parties have adopted such a rule. The application shall contain a checkoff box with a conspicuously printed statement that reads substantially similar to the following: "I have declined to disclose a preference for a qualified political party. However, for this primary election only, I request a vote by mail ballot for the _____ Party." The name of the political party shall be personally affixed by the voter.

**SEC. 11.** Section 7100 of the Elections Code is amended to read:

**7100.** In each year of the general election at which electors of President and Vice President of the United States are to be chosen, the candidate in each congressional district who received the largest number of votes in the primary election among the candidates who disclosed a preference for the Democratic Party shall designate one presidential elector and shall file his or her name and residence and business address with the state chairperson by a date specified by the state chairperson. The candidate for United States Senate who received the largest number of votes in the primary election among the candidates who disclosed a preference for the Democratic Party in each of the last two United States senatorial elections shall designate one presidential elector and shall file his or her name and residence and business address with the state chairperson by a date specified by the state chairperson. In the event there is no candidate for United States Senate or for any particular congressional district who disclosed a preference for the Democratic Party, or if any candidate fails to designate a presidential elector by the date specified by the state chairperson, the state chairperson shall designate one presidential elector for each vacancy. The state chairperson shall file the names and residence and business addresses of all the electors designated pursuant to this section with the Secretary of State by October 1 of the presidential election year.

**SEC. 12.** Section 8002.5 of the Elections Code is amended to read:

**8002.5.** (a) A candidate for a voter-nominated office shall indicate one of the following upon his or her declaration of candidacy, which shall be consistent with what appears on the candidate's most recent affidavit of registration:

(1) "Party Preference: _____ (insert the name of the qualified political party as disclosed upon your affidavit of registration)."

(2) "Party Preference: None (if you have declined to disclose a preference for a qualified political party upon your affidavit of registration)."

(b) The selection made by a candidate pursuant to subdivision (a) shall appear on the primary and general election ballot in conjunction with his or her name, and shall not be changed between the primary and general election.

(c) Regardless of the party preference, or lack of party preference, of the candidate or the voter, any qualified voter may vote for any candidate for a voter-nominated office if the voter is otherwise entitled to vote for

**Exhibit 8
Page 43**

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 53 of 67   Page ID #:236

Bill Text - AB-1413 Elections.                                                    Page 7 of 21

candidates for the office to be filled. Nothing in Section 2151, 3006, 3007.5, 3205, or 13102 shall be construed to limit the ability of a voter to cast a primary election ballot for any candidate for a voter-nominated office, regardless of the party preference, or lack of party preference, designated by the candidate for inclusion upon the ballot pursuant to this section, provided that the voter is otherwise qualified to cast a ballot for the office at issue.

(d) A candidate designating a party preference pursuant to subdivision (a) shall not be deemed to be the official nominee of the party designated as preferred by the candidate. A candidate's designation of party preference shall not be construed as an endorsement of that candidate by the party designated. The party preference designated by the candidate is shown for the information of the voters only and may in no way limit the options available to voters.

(e) All references to party preference or affiliation shall be omitted from all forms required to be filed by a voter-nominated candidate pursuant to this division in the same manner that such references are omitted from forms required to be filed by nonpartisan candidates pursuant to Section 8002, except that the declaration of candidacy required by Section 8040 shall include space for the candidate to list the party preference disclosed upon the candidate's most recent affidavit of registration, in accordance with subdivision (a).

**SEC. 13.** Section 8025 of the Elections Code is amended to read:

**8025.** If a candidate who has declared a candidacy for a nomination at the direct primary election for a voter-nominated office dies after the last day prescribed for the delivery of nomination documents to the elections official, as provided in Section 8020, but not less than 83 days before the election, any person, regardless of his or her party preference or lack of party preference, may circulate and deliver nomination documents for the office to the elections official up to 5 p.m. on the 74th day prior to the election. In that case, the elections official shall, immediately after receipt of those nomination documents, certify and transmit them to the Secretary of State in the manner specified in this article.

**SEC. 14.** Section 8040 of the Elections Code is amended to read:

**8040.** (a) The declaration of candidacy by a candidate shall be substantially as follows:

DECLARATION OF CANDIDACY

I hereby declare myself a candidate for nomination to the office of _____ District Number _____ to be voted for at the primary election to be held _____, 20__, and declare the following to be true:
My name is .
I want my name and occupational designation to appear on the ballot as follows:
_____.

Addresses:
Residence

Business

Mailing

Telephone numbers: Day _____ Evening _____

Web site: _____

I meet the statutory and constitutional qualifications for this office (including, but not limited to, citizenship, residency, and party preference, if required).

I am at present an incumbent of the following public office

(if any) _____.

If nominated, I will accept the nomination and not withdraw.

Signature of candidate

A candidate for voter-nominated office shall also complete all of the following:

1. I hereby certify that:

Exhibit 8
Page 44

(a) At the time of presentation of this declaration, as shown by my current affidavit of registration, I have disclosed the following political party preference, if any: .

(b) My complete voter registration and party affiliation/preference history, from [10 years prior to current year] through the date of signing this document, is as follows:

Party Registration                    County          Timeframe (by year)


(2) Pursuant to Section 8002.5 of the Elections Code, select one of the following:

_____ Party Preference: _____ (insert the name of the qualified political party as disclosed upon your affidavit of registration).

_____ Party Preference: None (if you have declined to disclose a preference for a qualified political party upon your affidavit of registration).

Dated this ____ day of _____, 20____.


Signature of candidate


State of California      )

County of            ) ss.

                  )

Subscribed and sworn to before me this ___ day of _____, 20____.

Notary Public (or other official)

Examined and certified by me this _____ day of _____, 20____.

County Elections Official

WARNING: Every person acting on behalf of a candidate is guilty of a misdemeanor who deliberately fails to file at the proper time and in the proper place any declaration of candidacy in his or her possession which is entitled to be filed under the provisions of the Elections Code Section 18202.

(b) A candidate for a judicial office may not be required to state his or her residential address on the declaration of candidacy. However, in cases where the candidate does not state his or her residential address on the declaration of candidacy, the elections official shall verify whether his or her address is within the appropriate political subdivision and add the notation "verified" where appropriate.

**SEC. 15.** Section 8041 of the Elections Code is amended to read:

**8041.** (a) The nomination paper shall be in substantially the following form:

NOMINATION PAPER

I, the undersigned signer for _____ for nomination to the office of _____, to be voted for at the primary election to be held on the ____ day of _____, 20__, hereby assert as follows:
I am a resident of ____ County and registered to vote at the address shown on this paper. I am not at this time a signer of any other nomination paper of any other candidate for the above-named office, or in case there are several places to be filled in the above-named office, I have not signed more nomination papers than there are places to be filled in the above-named office. My residence is correctly set forth after my signature hereto:

Name

Residence

(b) The affidavit of the circulator shall read as follows:

AFFIDAVIT OF THE CIRCULATOR

**Exhibit 8**
**Page 45**

I, _____, solemnly swear (or affirm) that the signatures on this section of the nomination paper were obtained between _____, 20__, and _____, 20__; that I circulated the petition and I witnessed the signatures on this section of the nomination paper being written; and that, to the best of my information and belief, each signature is the genuine signature of the person whose name it purports to be.
My voting residence is _____.

Signed

Subscribed and sworn to before me this _____ day of _____, 20__.

(SEAL)Notary Public (or other official) _____

Examined and certified by me this _____ day of _____, 20__.

Elections Official

WARNING: Every person acting on behalf of a candidate is guilty of a misdemeanor who deliberately fails to file at the proper time and in the proper place any nomination paper in his or her possession which is entitled to be filed under Section 18202 of the Elections Code.

(c) If the nomination paper is for a partisan office, the nomination paper shall include a statement indicating the party preference of the signer of the nomination paper.

**SEC. 16.** Section 8062 of the Elections Code is amended to read:

**8062.** (a) The number of registered voters required to sign a nomination paper for the respective offices are as follows:

(1) State office or United States Senate, not fewer than 65 nor more than 100.

(2) House of Representatives in Congress, State Senate or Assembly, State Board of Equalization, or any office voted for in more than one county, and not statewide, not fewer than 40 nor more than 60.

(3) Candidacy in a single county or any political subdivision of a county, other than State Senate or Assembly, not fewer than 20 nor more than 40.

(4) With respect to a candidate for a political party committee, if any political party has fewer than 50 voters in the state or in the county or district in which the election is to be held, one-tenth the number of voters of the party.

(5) If there are fewer than 150 voters in the county or district in which the election is to be held, not fewer than 10 nor more than 20.

(b) The provisions of this section are mandatory, not directory, and no nomination paper shall be deemed sufficient that does not comply with this section. However, this subdivision shall not be construed to prohibit withdrawal of signatures pursuant to Section 8067. This subdivision also shall not be construed to prohibit a court from validating a signature which was previously rejected upon showing of proof that the voter whose signature is in question is otherwise qualified to sign the nomination paper.

**SEC. 17.** Section 8068 of the Elections Code is amended to read:

**8068.** Signers shall be voters in the district or political subdivision in which the candidate is to be voted on. With respect to a candidacy for partisan office, signers shall be voters who disclosed a preference, pursuant to Section 2151, for the party, if any, for which the nomination is proposed. With respect to a candidacy for voter-nominated office, signers need not have disclosed a preference for any party.

**SEC. 18.** Section 8106 of the Elections Code is amended to read:

**8106.** (a) Notwithstanding any other provision of this article, a candidate may submit a petition containing signatures of registered voters in lieu of a filing fee as follows:

(1) For the office of California State Assembly, 1,500 signatures.

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 56 of 67   Page ID #:239

Bill Text - AB-1413 Elections.                                                      Page 10 of 21

(2) For the office of California State Senate and the United States House of Representatives, 3,000 signatures.

(3) For candidates running for statewide office, 10,000 signatures.

(4) For all other offices for which a filing fee is required, if the number of registered voters in the district in which he or she seeks nomination is 2,000 or more, a candidate may submit a petition containing four signatures of registered voters for each dollar of the filing fee, or 10 percent of the total of registered voters in the district in which he or she seeks nomination, whichever is less.

(5) For all other offices for which a filing fee is required, if the number of registered voters in the district in which he or she seeks nomination is less than 2,000, a candidate may submit a petition containing four signatures of registered voters for each dollar of the filing fee, or 20 percent of the total of registered voters in the district in which he or she seeks nomination, whichever is less.

(6) A voter may sign both a candidate's nomination papers and his or her in-lieu-filing-fee petition. However, if signatures appearing on the documents are counted towards both the nomination paper and the in-lieu-filing-fee petition signature requirements, a person may only sign one of the documents.

(b) The Secretary of State or an elections official shall furnish to each candidate, upon request, and without charge therefor, forms for securing signatures. The number of forms which the elections official shall furnish a candidate shall be a quantity that provides the candidates with spaces for signatures sufficient in number to equal the number of signatures that the candidate is required to secure pursuant to subdivision (a) if the candidate desires that number of forms. However, the elections official, rather than provide the candidate with the number of forms set forth in the preceding sentence, or upon the request of a candidate, may provide the candidate with a master form that may be duplicated by the candidate at the candidate's expense for the purpose of circulating additional petitions. The Secretary of State shall provide the master form. The elections official may provide candidates a form other than the master form provided by the Secretary of State. However, that form shall meet all statutory requirements, and the elections official shall also make available and accept the master form provided by the Secretary of State. All forms shall be made available commencing 45 days before the first day for circulating nomination papers. However, in cases of vacancies for which a special election is authorized or required to be held to fill the vacancy, and where the prescribed nomination period would commence less than 45 days after the creation of the vacancy, the forms shall be made available within five working days after the creation of the vacancy. No other form except the form furnished by the Secretary of State or the elections official or forms duplicated from a master form shall be used to secure signatures. Each petition section shall bear an affidavit signed by the circulator, in substantially the same form as set forth in Section 8041. The substitution of signatures for fees shall be subject to the following provisions:

(1) Any registered voter may sign an in-lieu-filing-fee petition for any candidate for whom he or she is eligible to vote.

(2) If a voter signs more candidates' petitions than there are offices to be filled, the voter's signatures shall be valid only on those petitions which, taken in the order they were filed, do not exceed the number of offices to be filled.

(3) In-lieu-filing-fee petitions shall be filed at least 15 days prior to the close of the nomination period. Upon receipt of the minimum number of in-lieu-filing-fee signatures required, or a sufficient combination of signatures and pro rata filing fee, the elections official shall issue nomination papers provisionally. Within 10 days after receipt of a petition, the elections official shall notify the candidate of any deficiency. The candidate shall then, prior to the close of the nomination period, either submit a supplemental petition, or pay a pro rata portion of the filing fee to cover the deficiency.

(4) If the petition is circulated for an office in more than one county, the candidate shall submit the signatures to the elections official in the county in which the petition was circulated. The elections official shall, at least two days after verifying the signatures on the petition, notify the Secretary of State of the total number of valid signatures. If the number of signatures is insufficient, the Secretary of State shall notify the candidate and the elections officials of the fact. The candidate may submit the necessary number of valid signatures at any time prior to the close of the period for circulating nomination papers. Each circulator of an in-lieu-filing-fee petition shall be a registered voter of the district or political subdivision in which the candidate is to be voted on. The circulator shall serve within the county in which he or she resides.

(5) Each candidate may submit a greater number of signatures to allow for subsequent losses due to invalidity of some signatures. The elections official shall not be required to determine the validity of a greater number of signatures than that required by this section.

Exhibit 8
Page 47

(c) For the purposes of this section, the requisite number of signatures shall be computed from the latest registration figures forwarded to the Secretary of State pursuant to Section 2187 prior to the first day on which petitions are available.

(d) All valid signatures obtained pursuant to this section shall be counted toward the number of voters required to sign a nomination paper in accordance with Section 8061 or 8405.

**SEC. 19.** Section 8121 of the Elections Code is amended to read:

**8121.** (a) Not less than five days before he or she transmits the certified list of candidates to the county elections officials, as provided in Section 8120, the Secretary of State shall notify each candidate for partisan office and voter-nominated office of the names, addresses, offices, occupations, and party preferences of all other persons who have filed for the same office.

(b) (1) Beginning not less than five days before he or she transmits the certified list of candidates to the county elections officials, as required by Section 8120, the Secretary of State shall post, in a conspicuous place on his or her Internet Web site, the party preference history of each candidate for voter-nominated office for the preceding 10 years, or for as long as he or she has been eligible to vote in the state if less than 10 years. The candidates' party preference history shall be continuously posted until such time as the official canvass is completed for the general or special election at which a candidate is elected to the voter-nominated office sought, except that, in the case of a candidate who participated in the primary election and who was not nominated to participate in the general election, the candidate's party preference history need not continue to be posted following the completion of the official canvass for the primary election in question.

(2) For purposes of this subdivision, "party preference history" also refers to the candidate's history of party registration during the 10 years preceding the effective date of this section.

(3) The Secretary of State shall also conspicuously post on the same Internet Web site as that containing the candidates' party preference history the notice specified by subdivision (b) of Section 9083.5.

**SEC. 20.** Section 8124 of the Elections Code is amended to read:

**8124.** The certified list of candidates sent to each county elections official by the Secretary of State shall show all of the following:

(a) The name of each candidate.

(b) The office for which each person is a candidate.

(c) With respect to candidates for partisan offices, the party each person represents.

(d) With respect to candidates for voter-nominated offices, the designation made by the candidate pursuant to Section 8002.5.

(e) If applicable, the ballot designation specified in accordance with Section 13107.

**SEC. 21.** Section 8141.5 of the Elections Code is amended to read:

**8141.5.** Except as provided in subdivision (b) of Section 8142, only the candidates for a voter-nominated office who receive the highest or second highest number of votes cast at the primary election shall appear on the ballot as candidates for that office at the ensuing general election. More than one candidate with the same party preference designation may participate in the general election pursuant to this subdivision. Notwithstanding the designation made by the candidate pursuant to Section 8002.5, no candidate for a voter-nominated office shall be deemed to be the official nominee for that office of any political party, and no party is entitled to have a candidate with its party preference designation participate in the general election unless that candidate is one of the candidates receiving the highest or second highest number of votes cast at the primary election.

**SEC. 22.** Section 8142 of the Elections Code is amended to read:

**8142.** (a) In the case of a tie vote, nonpartisan candidates receiving the same number of votes shall be candidates at the ensuing general election if they qualify pursuant to Section 8141 whether or not there are more candidates at the general election than prescribed by this article. In no case shall the tie be determined by lot.

**Exhibit 8**
**Page 48**

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 58 of 67   Page ID #:241

Bill Text - AB-1413 Elections.                                      Page 12 of 21

(b) In the case of a tie vote among candidates at a primary election for a voter-nominated office, the following applies:

(1) All candidates receiving the highest number of votes cast for any candidate shall be candidates at the ensuing general election whether or not there are more candidates at the general election than prescribed by this article.

(2) Notwithstanding Section 8141.5, if a tie vote among candidates results in more than one primary candidate qualifying for the general election pursuant to subdivision (a), candidates receiving fewer votes shall not be candidates at the general election, even if they receive the second highest number of votes cast.

(3) If only one candidate receives the highest number of votes cast but there is a tie vote among two or more candidates receiving the second highest number of votes cast, each of those second-place candidates shall be a candidate at the ensuing general election along with the candidate receiving the highest number of votes cast, regardless of whether there are more candidates at the general election than prescribed by this article.

(4) In no case shall the tie be determined by lot.

SEC. 23. Section 8148 of the Elections Code is amended to read:

8148. Not less than 68 days before the general election, the Secretary of State shall deliver to the appropriate county elections official a certificate showing:

(a) The name of every person entitled to receive votes within that county at the general election who has received the nomination as a candidate for public office pursuant to this chapter, the designation of the public office for which he or she has been nominated, and, if applicable, the ballot designation specified in accordance with Section 13107.

(b) For each nominee for a partisan office, the name of the party that has nominated him or her.

(c) For each nominee for a voter-nominated office, the designation made by the candidate pursuant to Section 8002.5.

SEC. 24. Section 8300 of the Elections Code is amended to read:

8300. A candidate for a partisan office, including that of presidential elector, may be nominated subsequent to, or by other means than, a primary election pursuant to this chapter. A candidate for nonpartisan office or for voter-nominated office may be nominated subsequent to, or by other means than, a primary election pursuant to this chapter only if a candidate was not nominated or elected at the primary election for that office.

SEC. 25. Section 8600 of the Elections Code is amended to read:

8600. Every person who desires to be a write-in candidate and have his or her name as written on the ballot of an election counted for a particular office shall file:

(a) A statement of write-in candidacy that contains the following information:

(1) Candidate's name.

(2) Residence address.

(3) A declaration stating that he or she is a write-in candidate.

(4) The title of the office for which he or she is running.

(5) The party nomination which he or she seeks, if running in a partisan primary election.

(6) The date of the election.

(7) A certification of the candidate's complete voter registration and party affiliation/preference history for the preceding 10 years, or for as long as he or she has been eligible to vote in the state if less than 10 years, if running for a voter-nominated office.

(8) For any of the offices described in Section 13.5, a statement that the candidate meets the statutory and constitutional requirements for that office as described in that section.

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 59 of 67   Page ID #:242

Bill Text - AB-1413 Elections.                                    Page 13 of 21

(b) The requisite number of signatures on the nomination papers, if any, required pursuant to Sections 8062, 10220, and 10510, or, in the case of a special district not subject to the Uniform District Election Law (Part 4 (commencing with Section 10500) of Division 10), the number of signatures required by the principal act of the district.

(c) Notwithstanding any other provision of law, a person may not be a write-in candidate at the general election for a voter-nominated office.

SEC. 26. Section 8606 of the Elections Code is amended to read:

8606. Notwithstanding any other provision of law, a person may not be a write-in candidate at the general election for a voter-nominated office.

SEC. 27. Section 8803 of the Elections Code is amended to read:

8803. (a) No vacancy on the ballot for a nonpartisan office at a general election shall be filled except if the candidate dies and that fact has been ascertained by the officer charged with the duty of printing the ballots at least 68 days before the date of the next ensuing general election.

(b) No vacancy on the ballot for a voter-nominated office at a general election shall be filled. If a candidate who is entitled to appear on the general election ballot dies, the name of that candidate shall appear on the general election ballot and any votes cast for that candidate shall be counted in determining the results of the election for that office. If the deceased candidate receives a majority of the votes cast for the office, he or she shall be considered elected to that office and the office shall be considered vacant at the beginning of the term for which the candidate was elected. The vacancy shall be filled in the same manner as if the candidate had died after taking office for that term.

SEC. 28. Section 8805 of the Elections Code is amended to read:

8805. (a) Whenever a candidate for nomination for a nonpartisan office at a primary election dies on or before the day of the election, and a sufficient number of ballots are marked as being voted for him or her to entitle him or her to nomination if he or she had lived until after the election, a vacancy exists on the general election ballot, which shall be filled in the manner provided in Section 8807 for filling a vacancy caused by the death of a candidate.

(b) Whenever a candidate for nomination for a voter-nominated office at a primary election dies on or before the day of the election, and a sufficient number of ballots are marked as being voted for him or her to entitle him or her to nomination if he or she had lived until after the election, the name of the deceased candidate shall appear on the general election ballot and the general election shall proceed in accordance with subdivision (b) of Section 8803.

SEC. 29. Section 8807 of the Elections Code is amended to read:

8807. If the vacancy occurs among candidates chosen at the direct primary to go on the ballot for the succeeding general election for a nonpartisan office, the name of that candidate receiving at the primary election the next highest number of votes shall appear on the ballot to fill the vacancy.

SEC. 30. Section 9083.5 of the Elections Code is amended to read:

9083.5. (a) If a candidate for nomination or election to a partisan office will appear on the ballot, the Secretary of State shall include in the state ballot pamphlet a written explanation of the election procedure for such offices. The explanation shall read substantially similar to the following:

PARTY-NOMINATED/PARTISAN OFFICES

Under the California Constitution, political parties may formally nominate candidates for party-nominated/partisan offices at the primary election. A candidate so nominated will then represent that party as its official candidate for the office in question at the ensuing general election and the ballot will reflect an official designation to that effect. The top votegetter for each party at the primary election is entitled to participate in the general election. Parties also elect officers of official party committees at a partisan primary.

No voter may vote in the primary election of any political party other than the party he or she has disclosed a preference for upon registering to vote. However, a political party may authorize a person who has declined to disclose a party preference to vote in that party's primary election.

(b) If any candidate for nomination or election to a voter-nominated office will appear on the ballot, the Secretary of State shall include in the state ballot pamphlet a written explanation of the election procedure for such offices. The explanation shall read substantially similar to the following:

VOTER-NOMINATED OFFICES

Under the California Constitution, political parties are not entitled to formally nominate candidates for voter-nominated offices at the primary election. A candidate nominated for a voter-nominated office at the primary election is the nominee of the people and not the official nominee of any party at the following general election. A candidate for nomination or election to a voter-nominated office shall have his or her party preference, or lack of party preference, reflected on the primary and general election ballot, but the party preference designation is selected solely by the candidate and is shown for the information of the voters only. It does not constitute or imply an endorsement of the candidate by the party designated, or affiliation between the party and the candidate, and no candidate nominated by the qualified voters for any voter-nominated office shall be deemed to be the officially nominated candidate of any political party. The parties may list the candidates for voter-nominated offices who have received the official endorsement of the party in the sample ballot.

All voters may vote for any candidate for a voter-nominated office, provided they meet the other qualifications required to vote for that office. The top two votegetters at the primary election advance to the general election for the voter-nominated office, even if both candidates have specified the same party preference designation. No party is entitled to have a candidate with its party preference designation participate in the general election unless such candidate is one of the two highest votegetters at the primary election.

(c) If any candidate for nomination or election to a nonpartisan office, other than judicial office, shall appear on the ballot, the Secretary of State shall include in the state ballot pamphlet a written explanation of the election procedure for such offices. The explanation shall read substantially similar to the following:

NONPARTISAN OFFICES

Under the California Constitution, political parties are not entitled to nominate candidates for nonpartisan offices at the primary election, and a candidate nominated for a nonpartisan office at the primary election is not the official nominee of any party for the office in question at the ensuing general election. A candidate for nomination or election to a nonpartisan office may NOT designate his or her party preference, or lack of party preference, on the primary and general election ballot. The top two votegetters at the primary election advance to the general election for the nonpartisan office.

(d) Posters or other printed materials containing the notices specified in subdivisions (a) to (c), inclusive, shall be included in the precinct supplies pursuant to Section 14105.

**SEC. 31.** Section 9084.5 of the Elections Code is repealed.

**SEC. 32.** Section 10704 of the Elections Code is amended to read:

**10704.** (a) Except as provided in subdivision (b), a special primary election shall be held in the district in which the vacancy occurred on the eighth Tuesday or, if the eighth Tuesday is the day of or the day following a state holiday, the ninth Tuesday preceding the day of the special general election at which the vacancy is to be filled. Candidates at the primary election shall be nominated in the manner set forth in Chapter 1 (commencing with Section 8000) of Part 1 of Division 8, except that nomination papers shall not be circulated more than 63 days before the primary election, shall be left with the county elections official for examination not less than 43 days before the primary election, and shall be filed with the Secretary of State not less than 39 days before the primary election.

(b) A special primary election shall be held in the district in which the vacancy occurred on the ninth Tuesday preceding the day of the special general election at which the vacancy is to be filled if both of the following conditions apply:

(1) The ninth Tuesday preceding the day of the special general election is an established election date pursuant to Section 1000.

**Exhibit 8**
**Page 51**

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 61 of 67   Page ID #:244

Bill Text - AB-1413 Elections.                                                    Page 15 of 21

(2) A statewide or local election occurring wholly or partially within the same territory in which the vacancy exists is scheduled for the ninth Tuesday preceding the day of the special general election.

(c) Notwithstanding Section 3001, applications for vote by mail voter ballots may be submitted not more than 25 days before the primary election, except that Section 3001 shall apply if the special election or special primary election is consolidated with a statewide election. Applications received by the elections official prior to the 25th day shall not be returned to the sender, but shall be held by the elections official and processed by him or her following the 25th day prior to the election in the same manner as if received at that time.

(d) The sample ballot for a special election shall contain a written explanation of the election procedure for voter-nominated office as specified in subdivision (b) of Section 9083.5. Immediately after the explanation shall be printed the following: "If one candidate receives more than 50% of the votes cast at the special primary election, he or she will be elected to fill the vacancy and no special general election will be held."

(e) On the ballot for a special election, immediately below the instructions to voters, there shall be a box not less than one-half inch high enclosed by a heavy-ruled line the same as the borderline. This box shall be as long as there are columns for the ballot and shall be set directly above these columns. Within the box shall be printed the words "Voter-Nominated Office." Immediately below that phrase within the same box shall be printed the following:

"All voters, regardless of the party preference they disclosed upon registration, or refusal to disclose a party preference, may vote for any candidate for a voter-nominated office. The party preference, if any, designated by a candidate is selected by the candidate and is shown for the information of the voters only. It does not imply that the candidate is nominated or endorsed by the party or that the party approves of the candidate."

**SEC. 33.** Section 10706 of the Elections Code is amended to read:

**10706.** If no candidate receives a majority of votes cast, the names of the candidates who receive the highest or second highest number of votes cast at the special primary election shall be placed on the special general election ballot. In the case of a tie vote, subdivision (b) of Section 8142 shall apply.

**SEC. 34.** Section 12108 of the Elections Code is amended to read:

**12108.** In a case in which this chapter requires the posting or distribution of a list of the names of precinct board members, or a portion of the list, the officers charged with the duty of posting shall ascertain the name of the political party, if any, for which each precinct board member has expressed a preference, as shown in the affidavit of registration of that person. When the list is posted or distributed, there shall be printed the name of the board member's party preference or an abbreviation of the name to the right of the name, or immediately below the name, of each precinct board member. If a precinct board member has not expressed a preference for a political party, the word "None" shall be printed in place of the party name.

**SEC. 35.** Section 13105 of the Elections Code is amended to read:

**13105.** (a) In the case of a candidate for a voter-nominated office in a primary election, a general election, or a special election to fill a vacancy in the office of United States Senator, Member of the United States House of Representatives, State Senator, or Member of the Assembly, immediately to the right of and on the same line as the name of the candidate, or immediately below the name if there is not sufficient space to the right of the name, there shall be identified, as specified by the Secretary of State, the designation made by the candidate pursuant to Section 8002.5. The identification shall be in substantially the following form:

(1) In the case of a candidate who designated a political party preference pursuant to Section 8002.5, "Party Preference: _____."

(2) In the case of a candidate who did not state a preference for a political party pursuant to Section 8002.5, "Party Preference: None."

(b) In the case of candidates for President and Vice President, the name of the party shall appear to the right of and equidistant from the pair of names of these candidates and on the same line as the name of the candidate for President, or immediately below the name of the vice presidential candidate if there is not sufficient space to the right of the name.

(c) If for a general election any candidate for President of the United States or Vice President of the United States has received the nomination of any additional party or parties, the name(s) shall be printed to the right

**Exhibit 8**
**Page 52**

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 62 of 67   Page ID #:245

Bill Text - AB-1413 Elections.                                          Page 16 of 21

of the name of the candidate's own party. Party names of a candidate shall be separated by commas. If a candidate has qualified for the ballot by virtue of an independent nomination, the word "Independent" shall be printed instead of the name of a political party in accordance with the above rules.

**SEC. 36.** Section 13107 of the Elections Code is amended to read:

**13107.** (a) With the exception of candidates for Justice of the State Supreme Court or Court of Appeal, immediately under the name of each candidate, and not separated from the name by any line, unless the designation made by the candidate pursuant to Section 8002.5 must be listed immediately below the name of the candidate pursuant to Section 13105, and in that case immediately under the designation, may appear at the option of the candidate only one of the following designations:

(1) Words designating the elective city, county, district, state, or federal office which the candidate holds at the time of filing the nomination documents to which he or she was elected by vote of the people, or to which he or she was appointed, in the case of a superior court judge.

(2) The word "incumbent" if the candidate is a candidate for the same office which he or she holds at the time of filing the nomination papers, and was elected to that office by a vote of the people, or, in the case of a superior court judge, was appointed to that office.

(3) No more than three words designating either the current principal professions, vocations, or occupations of the candidate, or the principal professions, vocations, or occupations of the candidate during the calendar year immediately preceding the filing of nomination documents. For purposes of this section, all California geographical names shall be considered to be one word. Hyphenated words that appear in any generally available standard reference dictionary, published in the United States at any time within the 10 calendar years immediately preceding the election for which the words are counted, shall be considered as one word. Each part of all other hyphenated words shall be counted as a separate word.

(4) The phrase "appointed incumbent" if the candidate holds an office other than a judicial office by virtue of appointment, and the candidate is a candidate for election to the same office, or, if the candidate is a candidate for election to the same office or to some other office, the word "appointed" and the title of the office. In either instance, the candidate may not use the unmodified word "incumbent" or any words designating the office unmodified by the word "appointed." However, the phrase "appointed incumbent" shall not be required of a candidate who seeks reelection to an office which he or she holds and to which he or she was appointed, as a nominated candidate, in lieu of an election, pursuant to Sections 5326 and 5328 of the Education Code or Section 7228, 7423, 7673, 10229, or 10515 of this code.

(b) Neither the Secretary of State nor any other elections official shall accept a designation of which any of the following would be true:

(1) It would mislead the voter.

(2) It would suggest an evaluation of a candidate, such as outstanding, leading, expert, virtuous, or eminent.

(3) It abbreviates the word "retired" or places it following any word or words which it modifies.

(4) It uses a word or prefix, such as "former" or "ex-," which means a prior status. The only exception is the use of the word "retired."

(5) It uses the name of any political party, whether or not it has qualified for the ballot.

(6) It uses a word or words referring to a racial, religious, or ethnic group.

(7) It refers to any activity prohibited by law.

(c) If, upon checking the nomination documents and the ballot designation worksheet described in Section 13107.3, the elections official finds the designation to be in violation of any of the restrictions set forth in this section, the elections official shall notify the candidate by registered or certified mail return receipt requested, addressed to the mailing address provided on the candidate's ballot designation worksheet.

(1) The candidate shall, within three days, excluding Saturday, Sunday, and state holidays, from the date he or she receives notice by registered or certified mail, or from the date the candidate receives actual notice of the violation, whichever occurs first, appear before the elections official or, in the case of the Secretary of State, notify the Secretary of State by telephone, and provide a designation that complies with subdivision (a).

**Exhibit 8**
**Page 53**

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 63 of 67   Page ID #:246

Bill Text - AB-1413 Elections.                                                    Page 17 of 21

(2) In the event the candidate fails to provide a designation that complies with subdivision (a) within the three-day period specified in paragraph (1), no designation shall appear after the candidate's name.

(d) No designation given by a candidate shall be changed by the candidate after the final date for filing nomination documents, except as specifically requested by the elections official as specified in subdivision (c) or as provided in subdivision (e). The elections official shall maintain a copy of the ballot designation worksheet for each candidate that appears on the ballot in the county for the same period of time as applied to nomination documents pursuant to Section 17100.

(e) The designation shall remain the same for all purposes of both primary and general elections, unless the candidate, at least 98 days prior to the general election, requests in writing a different designation which the candidate is entitled to use at the time of the request.

(f) In all cases, the words so used shall be printed in 8-point roman uppercase and lowercase type except that, if the designation selected is so long that it would conflict with the space requirements of Sections 13207 and 13211, the elections official shall use a type size for the designation for each candidate for that office sufficiently smaller to meet these requirements.

(g) Whenever a foreign language translation of a candidate's designation is required under the Voting Rights Act of 1965 (42 U.S.C. Sec. 1971), as amended, to appear on the ballot in addition to the English language version, it shall be as short as possible, as consistent as is practicable with this section, and shall employ abbreviations and initials wherever possible in order to avoid undue length.

**SEC. 37.** Section 13206 of the Elections Code is amended to read:

**13206.** (a) On the partisan ballot used in a direct primary election, immediately below the instructions to voters, there shall be a box not less than one-half inch high enclosed by a heavy-ruled line the same as the borderline. This box shall be as long as there are columns for the partisan ballot and shall be set directly above these columns. Within the box shall be printed the words "Party-Nominated Offices." Immediately below that phrase within the same box shall be printed the following: "Only voters who disclosed a preference upon registering to vote for the same party as the candidate seeking the nomination of any party for the Presidency or election to a party committee may vote for that candidate at the primary election, unless the party has adopted a rule to permit non-party voters to vote in its party elections."

(b) The same style of box described in subdivision (a) shall also appear over the columns of the nonpartisan part of the ballot and within the box in the same style and point size of type shall be printed "Voter-Nominated and Nonpartisan Offices." Immediately below that phrase within the same box shall be printed the following:

"All voters, regardless of the party preference they disclosed upon registration, or refusal to disclose a party preference, may vote for any candidate for a voter-nominated or nonpartisan office. The party preference, if any, designated by a candidate for a voter-nominated office is selected by the candidate and is shown for the information of the voters only. It does not imply that the candidate is nominated or endorsed by the party or that the party approves of the candidate. The party preference, if any, of a candidate for a nonpartisan office does not appear on the ballot."

**SEC. 38.** Section 13206.5 is added to the Elections Code, to read:

**13206.5.** (a) (1) On the ballot used in a statewide general election in each year evenly divisible by the number four, immediately below the instructions to voters, there shall be a box not less than one-half inch high enclosed by a heavy-ruled line the same as the borderline. This box shall be as long as there are columns for the ballot and shall be set directly above these columns. Within the box shall be printed the words "Party-Nominated Offices." Immediately below that phrase within the same box shall be printed the following: "The party label accompanying the name of a candidate for party-nominated office on the general election ballot means that the candidate is the official nominee of the party shown."

(2) On the ballot used in a statewide general election in each year evenly divisible by the number four, following the portion of the ballot for party-nominated offices, the same style of box described in paragraph (1) shall appear and within the box in the same style and point size of type shall be printed "Voter-Nominated and Nonpartisan Offices." Immediately below that phrase within the same box shall be printed the following: "All voters, regardless of the party preference they disclosed upon registration, or refusal to disclose a party preference, may vote for any candidate for a voter-nominated or nonpartisan office. The party preference, if any, designated by a candidate for a voter-nominated office is selected by the candidate and is shown for the information of the voters only. It does not imply that the candidate is nominated or endorsed by the party or

Exhibit 8
Page 54

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 64 of 67   Page ID #:247

Bill Text - AB-1413 Elections.                                           Page 18 of 21

that the party approves of the candidate. The party preference, if any, of a candidate for a nonpartisan office does not appear on the ballot."

(b) On the ballot used in a statewide general election in each even-numbered year that is not evenly divisible by the number four, immediately below the instructions to voters, there shall be a box not less than one-half inch high enclosed by a heavy-ruled line the same as the borderline. This box shall be as long as there are columns for the ballot and shall be set directly above these columns. Within the box shall be printed the words "Voter-Nominated and Nonpartisan Offices." Immediately below that phrase within the same box shall be printed the following: "All voters, regardless of the party preference they disclosed upon registration, or refusal to disclose a party preference, may vote for any candidate for a voter-nominated or nonpartisan office. The party preference, if any, designated by a candidate for a voter-nominated office is selected by the candidate and is shown for the information of the voters only. It does not imply that the candidate is nominated or endorsed by the party or that the party approves of the candidate. The party preference, if any, of a candidate for a nonpartisan office does not appear on the ballot."

**SEC. 39.** Section 13207 of the Elections Code is amended to read:

**13207.** (a) There shall be printed on the ballot in parallel columns all of the following:

(1) The respective offices.

(2) The names of candidates with sufficient blank spaces to allow the voters to write in names not printed on the ballot, except that no spaces shall be printed for voter-nominated offices at a general election.

(3) Whatever measures have been submitted to the voters.

(b) In the case of a ballot which is intended for use in a party primary and which carries partisan offices, voter-nominated offices, and nonpartisan offices, a vertical solid black line shall divide the columns containing partisan offices, on the left, from the columns containing nonpartisan offices and voter-nominated offices, on the right.

(c) The standard width of columns containing partisan offices, nonpartisan offices, and voter-nominated offices, shall be three inches except that an elections official may vary the width of these columns by up to three-tenths of an inch. The column containing presidential and vice presidential candidates may be as wide as four inches.

(d) A measure that is to be submitted to the voters shall be printed in one or more parallel columns to the right of the columns containing the names of candidates and shall be of sufficient width to contain the title and summary of the measure. To the right of the title and summary shall be printed, on separate lines, the words "Yes" and "No."

**SEC. 40.** Section 13212 of the Elections Code is amended to read:

**13212.** Except for a voter-nominated office at a general election, under the designation of each office shall be printed as many blank spaces, defined by light lines or rules at least three-eighths of an inch apart but no more than one-half inch apart, as there are candidates to be nominated or elected to the office.

**SEC. 41.** Section 13230 of the Elections Code is amended to read:

**13230.** (a) If the county elections official determines that, due to the number of candidates and measures that must be printed on the ballot, the ballot will be larger than may be conveniently handled, the county elections official may provide that a nonpartisan ballot shall be given to each partisan voter, together with his or her partisan ballot, and that the material appearing under the heading "Voter-Nominated and Nonpartisan Offices" on partisan ballots, as well as the heading itself, shall be omitted from the partisan ballots.

(b) If the county elections official so provides, the procedure prescribed for the handling and canvassing of ballots shall be modified to the extent necessary to permit the use of two ballots by partisan voters. The county elections official may, in this case, order the second ballot to be printed on paper of a different tint, and assign to those ballots numbers higher than those assigned to the ballots containing partisan offices.

(c) "Partisan voters," for purposes of this section, includes both persons who have disclosed a party preference pursuant to Section 2151 or 2152 and persons who have declined to disclose a party preference, but who have chosen to vote the ballot of a political party as authorized by that party's rules duly noticed to the Secretary of State.

**Exhibit 8**
**Page 55**

**SEC. 42.** Section 13300 of the Elections Code is amended to read:

**13300.** (a) By at least 29 days before the partisan primary, each county elections official shall prepare a separate sample ballot for each political party and a separate sample nonpartisan ballot. The county elections official shall place on each ballot, as applicable, in the order provided in Chapter 2 (commencing with Section 13100), and under the appropriate title of each office, the names of all candidates for whom nomination papers have been duly filed with him or her, or have been certified to him or her by the Secretary of State, to be voted for in his or her county at the partisan primary election.

(b) The sample ballots shall be identical to the official ballots, except as otherwise provided by law. The sample ballots shall be printed on paper of a different texture from the paper to be used for the official ballot.

(c) One sample ballot of the party for which the voter has disclosed a preference, as evidenced by his or her registration, shall be mailed not more than 40 nor fewer than 10 days before the election to each voter entitled to vote at the primary who registered at least 29 days prior to the election. A nonpartisan sample ballot shall be so mailed to each voter who is not registered as preferring any of the parties participating in the primary election, provided that on election day the voter may, upon request, vote the ballot of a political party if authorized by the party's rules, duly noticed to the Secretary of State.

**SEC. 43.** Section 13302 of the Elections Code is amended to read:

**13302.** (a) The county elections official shall forthwith submit the sample ballot of each political party to the chairperson of the county central committee of that party, and shall mail a copy to each candidate for whom nomination papers have been filed in his or her office or whose name has been certified to him or her by the Secretary of State, to the post office address given in the nomination paper or certification. The county elections official shall post a copy of each sample ballot in a conspicuous place in his or her office.

(b) In connection with an election at which a candidate for a voter-nominated office will appear on the ballot, a qualified political party may submit to the county elections official a list of all candidates for voter-nominated office who will appear on a ballot in the county in question, and who have been endorsed by the party by whatever lawful mechanism the party adopts for endorsing candidates for voter-nominated office. If a political party timely submits a list to the county elections official pursuant to this subdivision, the county elections official shall print the names of the candidates for voter-nominated office who were endorsed by that political party in the voter information portion of the sample ballot. The party chairperson shall provide a written copy of the list of candidates endorsed by the party not later than 83 days prior to the election at which the candidate for a voter-nominated office will appear on the ballot.

**SEC. 44.** Section 15340 of the Elections Code is amended to read:

**15340.** Except for a voter-nominated office at a general election, each voter is entitled to write on the ballot the name of any candidate for any public office, including that of President and Vice President of the United States.

**SEC. 45.** Section 15402 of the Elections Code is amended to read:

**15402.** (a) Whenever a candidate whose name appears upon the ballot at any election for an office other than a voter-nominated office dies after the 68th day before the election, the votes cast for the deceased candidate shall be counted in determining the results of the election for the office for which the decedent was a candidate. If the deceased candidate receives a majority of the votes cast for the office, he or she shall be considered elected and the office to which he or she was elected shall be vacant at the beginning of the term for which he or she was elected. The vacancy thus created shall be filled in the same manner as if the candidate had died subsequent to taking office for that term.

(b) Whenever a candidate whose name appears on the ballot at any election for a voter-nominated office dies, the votes cast for the deceased candidate shall be counted in determining the results of the election for the office for which the decedent was a candidate. If the deceased candidate receives a majority of the votes cast for the office at the general election, he or she shall be considered elected and the office to which he or she was elected shall be vacant at the beginning of the term for which he or she was elected. The vacancy thus created shall be filled in the same manner as if the candidate had died subsequent to taking office for that term.

**SEC. 46.** Section 19301 of the Elections Code is amended to read:

**Exhibit 8**
**Page 56**

**19301.** (a) A voting machine shall provide in the general election for grouping under the name of the office to be voted on, all the candidates for the office with the designation of the parties, if any, by which they were respectively nominated or which they designated pursuant to Section 8002.5.

(b) With respect to a party-nominated office, the designation may be by usual or reasonable abbreviation of party names. With respect to a voter-nominated office, the voting machine shall conform to the format specified in subdivision (a) of Section 13105.

SEC. 47. Section 85312 of the Government Code is amended to read:

**85312.** For purposes of this title, payments for communications to members, employees, shareholders, or families of members, employees, or shareholders of an organization for the purpose of supporting or opposing a candidate or a ballot measure are not contributions or expenditures, provided those payments are not made for general public advertising such as broadcasting, billboards, and newspaper advertisements. However, payments made by a political party for communications to a member who is registered as expressing a preference for that party on his or her affidavit of registration pursuant to Sections 2150, 2151, and 2152 of the Elections Code that would otherwise qualify as contributions or expenditures shall be reported in accordance with Article 2 (commencing with Section 84200) of Chapter 4, and Chapter 4.6 (commencing with Section 84600), of this title.

SEC. 48. Section 85703 of the Government Code is amended to read:

**85703.** (a) Nothing in this act shall nullify contribution limitations or prohibitions of any local jurisdiction that apply to elections for local elective office, except that these limitations and prohibitions may not conflict with the provisions of Section 85312.

(b) Limitations and prohibitions imposed by a local jurisdiction on payments for a member communication, as defined in subdivision (c), that conflict with Section 85312 and which are thereby prohibited by subdivision (a) include, but are not limited to, any of the following:

(1) Source restrictions on payments for member communications that are not expressly made applicable to member communications by a state statute or by a regulation adopted by the commission pursuant to Section 83112.

(2) Limitations on payments to a political party committee for a member communication that are not expressly made applicable to member communications by a state statute or by a regulation adopted by the commission pursuant to Section 83112.

(3) Limitations on the scope of payments considered directly related to the making of a member communication, including costs associated with the formulation, design, production, and distribution of the communication such as surveys, list acquisition, and consulting fees that are not expressly made applicable to member communications by a state statute or by a regulation adopted by the commission pursuant to Section 83112.

(c) For purposes of this section, "member communication" means a communication, within the meaning of Section 85312, to members, employees, shareholders, or families of members, employees, or shareholders of an organization, including a communication by a political party to a member who is registered as expressing a preference for that party on his or her affidavit of registration pursuant to Sections 2150, 2151, and 2152 of the Elections Code.

SEC. 49. This act shall be interpreted so as to be consistent with all federal and state laws, rules, and regulations. This act shall be broadly construed to achieve its purposes. It is the intent of the Legislature that the provisions of this act are interpreted and implemented in a manner that facilitates the purposes set forth in this act.

SEC. 50. If any provision of this act, or part thereof, is for any reason held to be invalid or unconstitutional, the remaining provisions shall not be affected, but shall remain in full force and effect, and to this end the provisions of this act are severable. The Legislature declares that this act, and each section, subdivision, sentence, clause, phrase, part, or portion thereof, would have been passed irrespective of the fact that any one or more sections, subdivisions, sentences, clauses, phrases, parts, or portions are found to be invalid. If any provision of this act is held invalid as applied to any person or circumstance, such invalidity does not affect any application of this act that can be given effect without the invalid application.

**Exhibit 8**
**Page 57**

Case 2:15-cv-07916-AB-GJS   Document 19-1   Filed 11/23/15   Page 67 of 67   Page ID #:250

**SEC. 51.** The Legislature finds and declares that this bill furthers the purposes of the Political Reform Act of 1974 within the meaning of subdivision (a) of Section 81012 of the Government Code.

**SEC. 52.** This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

In order to provide for the effective and efficient conduct of the June 5, 2012, statewide primary election, it is necessary that this act take effect immediately.

**Exhibit 8**
**Page 58**