UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 15-07916-AB (GJSx) | Date: December 11, 2015 |
| Title: *Emidio Soltysik et al v. Alex Padilla et al.* | |

| | |
|---|---|
| Present: The Honorable | ANDRÉ BIROTTE JR. |
| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order GRANTING Motion to Intervene (Dkt No. 16)

Before the Court is a motion to intervene filed by Californians to Defend the Open Primary ("CADOP"). (Dkt. No. 16.) Plaintiffs Emidio Soltysik and Jennifer McClellan ("Plaintiffs") filed an opposition, and CADOP filed a reply. Defendants, California Secretary of State Alex Padilla and Los Angeles County Registrar Dean Logan, do not oppose the motion. The court finds the motion appropriate for resolution without oral argument and therefore **VACATES** the hearing set for December 14, 2015. *See* Local Rule 7-15. For the following reasons, the Court **GRANTS** the motion.

### I. BACKGROUND

Plaintiffs are members of the Socialist Party USA who have run or plan to run for the California State Assembly. Compl. ¶¶ 13, 14. In this action they challenge the constitutionality of Proposition 14, the Top Two Candidate Open Primary Act. In brief, for certain offices, Proposition 14 replaced party primaries with a single open primary in which any candidate can run, and in which any voter can vote, without regard to that

person's party registration. The top two candidates then advance to the general election. Compl. ¶ 1. Cal. Elections Code § 13105, legislation that implements Proposition 14, precludes candidates from stating on the ballot a preference for a nonqualified political party. Compl. ¶¶ 2-4. Because the Socialist Party USA is a nonqualified political party, Plaintiffs are not permitted to reflect their party preference on the ballot but must instead indicate – falsely – that they have no party preference. Compl. ¶ 5. Plaintiffs contend that the party preference provision discriminates against certain candidates and viewpoints in violation of the First and Fourteenth Amendments to the United States Constitution. Compl. ¶ 8.

CADOP moves to intervene as of right, and, in the alternative, permissively, to defend Proposition 14. Because the court will grant CADOP's motion as of right, it will not address permissive intervention.

## II. LEGAL STANDARD

An applicant for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). To assess whether a present party will adequately represent an intervener-applicant's interests, the Ninth Circuit considers "several factors, including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected. The burden of showing inadequacy of representation is minimal and 'is satisfied if the applicant shows that representation of its interests 'may be' inadequate. . . .'" *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (quoting *Sagebrush Rebellion, Inc., v. Watt*, 713 F.3d 525, 528 (9th Cir. 1983)).

## III. DISCUSSION

In two prior lawsuits challenging Proposition 14 and its implementing legislation, other judges of this court granted CADOP intervention as of right over the objections of the plaintiffs in those actions. *See Chamness v. Bowen*, Case No. 2:11-cv-01479-ODW-FFM (C.D. Cal.) (Dkt. #43) (Mar. 7, 2011 order granting CADOP leave to intervene) ("the Court finds that CADOP has a direct interest in this litigation and should be permitted to

intervene"); *Brown v. Bowen*, Case No. 2:12-cv-05547-PA-SP (C.D. Cal.) (Dkt. #14) (July 11, 2012 order granting intervention and denying preliminary injunction), p. 3 ("This Court similarly agrees that Interveners satisfy the requirements for intervention pursuant to Federal Rule of Civil Procedure 24(a)(2)."). Nothing suggests that the result in this case should be any different. The court will address the relevant factors briefly.

The Ninth Circuit has held that "for purposes of intervention as of right, a public interest group that has supported a measure (such as an initiative) has a significant protectable interest in defending the legality of the measure." *Prete*, 438 F.3d at 954 (citation omitted). It is undisputed that CADOP's "sole purpose" includes to advocate for open, non-partisan primary elections, and to this end, it engaged in public education campaigns and formed the political action committee Yes on 14 – Californians for an Open Primary, to advocate for Proposition 14. *See* Nielsen Decl. ¶¶ 4-5. Yes on 14 spent $4.75 million dollars, and it was the only committee formed to support Proposition 14. *Id.* ¶ 4. Thus, under clear Ninth Circuit precedent, CADOP has a significant protectable interest.

The disposition of the case may also impair CADOP's ability to protect its interest. Plaintiffs argue that CADOP previously advocated against the party preference provision Plaintiffs now challenge, so therefore, CADOP's interests are in fact aligned with their own and can't be impaired. However, without getting into unnecessary detail, CADOP's position as to the party preference provision appears to be more nuanced than Plaintiffs suggest, and furthermore, CADOP asserts that, at this point, it has an interest in keeping Proposition 14 and its implementing legislation intact. This is sufficient to show that CADOP's interests *may* be impaired absent intervention.

There is no doubt that the motion is timely in that CADOP filed it about one month after Plaintiffs filed the Complaint, no significant proceedings have occurred, and CADOP's intervention will not delay the case.

Finally, the existing defendants may not adequately represent CADOP's interests. The Los Angeles County Registrar filed a Notice indicating that he will take no position on the merits of Plaintiffs' claims. *See* Dkt. No. 11. Thus, it appears that the Registrar will not defend Proposition 14 and will not, therefore, adequately represent CADOP's interests. As for the Secretary of State, CADOP points to evidence showing that in prior cases challenging Proposition 14, CADOP presented different and sometimes more thorough arguments than the Secretary of State did, and that in fact they have taken adverse positions in the past. CADOP also points to evidence that public officials have been overwhelmingly adverse to Proposition 14. This is all that is needed to show that the Secretary of State *may* not adequately represent CADOP's interest.

## IV.   CONCLUSION

For the foregoing reasons, CADOP's motion to intervene as of right is hereby **GRANTED**.

CADOP shall file its Complaint in Intervention within three (3) days of the issuance of this Order.

**IT IS SO ORDERED.**