NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
MARGUERITE MARY LEONI, ESQ. (S.B. No. 101696)
CHRISTOPHER E. SKINNELL, ESQ. (S.B. No. 227093)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone: (415) 389-6800
Facsimile: (415) 388-6874
Email: mleoni@nmgovlaw.com
Email: cskinnell@nmgovlaw.com

*Attorneys for Intervener-Defendant*
CALIFORNIANS TO DEFEND THE OPEN PRIMARY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

EMIDIO "MIMI" SOLTYSIK & JENNIFER MCCLELLAN,

*Plaintiffs,*

vs.

ALEX PADILLA, California Secretary of State & DEAN LOGAN, Registrar/Recorder/County Clerk of the County of Los Angeles,

*Defendants,*

CALIFORNIANS TO DEFEND THE OPEN PRIMARY,

*Proposed Intervener-Defendant.*

Case #2:15-cv-07916-AB-GJSx

**COMPLAINT IN INTERVENTION OF CALIFORNIANS TO DEFEND THE OPEN PRIMARY**

JUDGE: Hon. Andre Birotte, Jr.
COURTROOM: 4
HEARING DATE: Dec. 14, 2015
TIME: 10:00 a.m.

1. With leave of Court, CALIFORNIANS TO DEFEND THE OPEN PRIMARY (hereinafter "CADOP") hereby intervenes in this action as a defendant, and does hereby seek an order and judgment of this Court denying any relief to Plaintiffs.

2. Plaintiffs commenced this action on or about October 8, 2015, by filing a Complaint for Declaratory and Injunctive Relief. Plaintiffs seeks an order enjoining Defendants from implementing and enforcing certain provisions of Senate Bill 6, a statutory scheme enacted by the California Legislature on February 19, 2009 to implement Proposition 14, California's Top Two Candidate Open Primary law. Specifically, Plaintiffs seek to enjoin Elections Code §§ 8002.5 and 13105, which govern the placement of party preference labels on the ballot, and which only permit a candidate to state a preference on the ballot for a political group that is a *qualified* political party in California or else be identified as having "Party Preference: None." Cal. Elec. Code §§ 8002.5, 13105. Two prior challenges to these provisions were rejected. *See Field v. Bowen*, 199 Cal. App. 4th 346 (2011); *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013).

3. Californians for an Open Primary (the former name of CADOP) was formed before Proposition 14 was passed by California's voters. Its sole purpose was and is to educate the public about, to advocate for open, nonpartisan primary elections in California, allowing voters to cross party lines in elections for Legislature, statewide elected officials and congressional districts, and to defend Proposition 14 in litigation. As part of its mission (and to comply with California's Political Reform Act, *see* Cal. Gov't Code § 81000 *et seq.*), CADOP created and administered a political committee, Yes on 14—Californians For An Open Primary, that successfully advocated for the adoption of Proposition 14 by California voters. Yes on 14 was primarily formed exclusively to support the passage of Proposition 14 on the ballot; it

has no other political purposes. There were no other political committees formed to support Proposition 14.

**A. CADOP's Interests.**

4. CADOP has a direct interest in the continued validity of Proposition 14 and the outcome of this litigation. Through Yes on 14, CADOP raised and spent $4.75 million to advocate for enactment of Proposition 14. Yes on 14 was endorsed by all major California newspapers and supported by a broad range of civic groups including AARP, the Asian Business Association, California School Administrators, the Latin Business Association, the professional Peace Officers Association, and the California Chamber of Commerce.

5. Yes on 14's voice in advocating for and supporting enactment of Proposition 14 was essential to its passage and vital to the dissemination to the voters of its supporters' campaign message. Proposition 14 was and is opposed by the leadership of both of California's major political parties and by nearly all of the minor parties as well, because Proposition 14 would (and did) establish a system for voter-nominated candidates, rather than political party-nominated candidates.

6. Prior to the enactment of Proposition 14, CADOP was permitted to intervene in collusive litigation between opponents of Proposition 14 and the legislative leadership, which sought to amend the ballot title-and-summary and ballot label for the measure to track the language of the opponents' ballot arguments. By the time the Yes on 14 campaign (*i.e.*, CADOP) learned of the filing of *Clark v. Bowen*, the Legislature had already reached an agreement with plaintiff Clark that the Court could enter an order amending the title and summary and label in accordance with plaintiff's wishes. CADOP requested that the plaintiff Clark and the Legislature stipulate to the intervention of Yes on 14. They refused. CADOP therefore

filed an ex parte application to intervene on behalf of Yes on 14, which was granted. Interveners mounted a strong defense and successfully resisted the most egregious changes to the ballot title-and-summary and ballot label proposed by plaintiff and the Legislature in the Sacramento County Superior Court. That decision was upheld by the Third District Court of Appeal. *See Clark v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1911, *25 (Cal. Ct. App. 3d Dist. Mar. 16, 2010). The same day, the Court of Appeal also overruled Mr. Clark's efforts to rewrite the Legislative Analyst's "Fiscal Effect" analysis for Proposition 14. *See Taylor v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1909 (Cal. Ct. App. 3d Dist. Mar. 16, 2010).

7. Since Proposition 14 and SB 6 were enacted, CADOP has spent more than $1 million to defend the measures in every level of the federal and state courts, up to and including petitions for review and certiorari in the California and United States Supreme Courts, respectively, including: *Field v. Bowen*, 199 Cal. App. 4th 346 (2011); *Brown v. Bowen*, Case No. 2:12-cv-05547-PA-SP (C.D. Cal.) (dismissed Oct. 9, 2012); *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013); and *Rubin v. Padilla*, 233 Cal. App. 4th 1128 (2015), *rev. denied*, 2015 Cal. LEXIS 2395 (Cal., Apr. 29, 2015), *cert. denied*, 577 U.S. __ (Oct. 13, 2015).

8. In each of these cases except *Rubin*, CADOP was forced to file a motion for intervention over the plaintiffs' objection, and in each case intervention of right was granted. In *Rubin*, the plaintiffs stipulated to CADOP's intervention of right.

9. CADOP has also been active in legislative activities surrounding Proposition 14, to ensure that implementation of the measure is not frustrated by legislative interference with the top-two system. CADOP's legislative activities include participation in the process leading to the

enactment of Assembly Bill 1413 ("AB 1413"),[1] technical clean-up legislation that amended a number of provisions of SB 6 in 2012, including the statutory provisions at issue in this case.

10. If successful, this lawsuit would threaten to undermine voter confidence in the top-two system, lending momentum to the ongoing effort to repeal Proposition 14. One of the chief arguments raised by opponents of Proposition 14 in the 2010 campaign was a claim that politicians would be able to mislead voters as to their party affiliation. The supporters of Proposition 14 responded that this concern was addressed by the fact that the official party registration of each candidate, as shown on the candidate's voter registration, would be presented to the voters. If Plaintiffs in this action have their way, this safeguard would be nullified, and the claims of the measure's opponents—incorrect at the time—would be retroactively validated.

11. There continue to be rumors of a potential effort to repeal Proposition 14 in the near future, potentially in 2018. If the Elections Code provisions challenged in this action are declared unconstitutional, there is good reason to expect that the purported "unconstitutionality of Proposition 14" would be one of the arguments used in favor of its repeal. This is a common tactic in ballot measure campaigns.

**B. Need for CADOP to Represent Its Own Interests.**

12. CADOP is informed and believes, and on that basis alleges, that Defendant Secretary of State Padilla and Defendant Los Angeles County Registrar Logan will not oppose CADOP's intervention. Such non-opposition is consistent with the fact that the current defendants in this litigation have different interests from CADOP, and do not and cannot represent CADOP's

[1] Assem. Bill 1413 (2011-2012 Reg. Sess.), *codified at* Cal. Stats. 2012, ch. 3.

interests.

13. The Registrar has no obligation to defend Proposition 14, let alone the interests of Yes on 14 and its contributors and supporters, and has already stated his intention to take no position on the merits of this case.

14. CADOP is confident that Defendant Secretary of State will present a defense to this litigation, however, the well-established hostility of the California political class to Proposition 14; a history of actual the State and CADOP actually presenting different arguments in prior litigation, including actual disagreements between the two as to the proper interpretation of SB 6, etc.; and the fact that that Secretary Padilla has previously run and likely will run for office again in the future, giving him an personal interest in the outcome of this lawsuit that may differ from the State's interest, and the appearance of a conflict of interest, all justify CADOP representing its own interests in this litigation.

15. The courts have also recognized that intervention by an initiative's sponsor is warranted because "the very act of resorting to a ballot initiative indicates a rift between the initiative's proponents and voters and their elected officials on the issue that underlies the initiative," *Bates v. Jones*, 904 F. Supp. 1080, 1087 (N.D. Cal. 1995), and allowing intervention "serves to enhance both the fairness of the judicial process and the appearance of fairness of that process," *Perry v. Brown*, 52 Cal. 4th 1116, 1126 (2011), particularly "where the subject matter of the initiative was outwardly hostile to elected officials." *Bates*, 904 F. Supp. at 1087.

16. Permitting the intervention of Yes on 14 will ensure that the Court receives the benefit of a strong defense of the Top Two Candidate Open Primary Act that will sharpen the issues for the Court, and provide useful information and briefing to aid the Court in its rulings. CADOP's attorneys—alone among the counsel in this action—have been involved in every single

lawsuit challenging Proposition 14, and they were involved in the initial drafting of the measure and subsequent amendments thereto as well. They, accordingly, have background knowledge about Proposition 14 and its implementing statutes that no other participant in this action has.

**C. Timeliness and Lack of Prejudice to Existing Parties.**

17. This case was apparently filed on October 8, 2015. CADOP was not served with the complaint, or otherwise notified by Plaintiffs' counsel, even as a courtesy. Upon learning of its filing in an online blog post, CADOP's counsel contacted CADOP and then contacted counsel for Defendants Secretary of State Padilla and Los Angeles County Registrar Logan, on October 13, 2015. At that point CADOP's counsel was informed that neither party had yet been served with the action and that counsel for the Secretary had not yet been assigned.

18. On October 23, 2015, upon receiving notice from the Court's ECF system that service had been effected (*see* Dkt. ## 9 & 10), CADOP's counsel again contacted counsel for the Secretary and the Registrar, to request a stipulation to intervention. On October 27, 2015, CADOP received an e-mail from Deputy Attorney General Peter Chang, counsel for Defendant Secretary, stating that "[t]he SOS will not oppose intervention by your clients." Also on October 27, 2015, I received an e-mail from Deputy County Counsel Vicki Kozikoujekian, counsel for Defendant Registrar Dean Logan, stating that "Dean has no objections to your clients [sic] intervention."

19. Upon learning that the Defendants would not oppose CADOP's intervention, its counsel immediately contacted Plaintiffs' attorneys by e-mail that same day, to request that Plaintiffs likewise stipulate. Plaintiffs' counsel responded at approximately 6:00 p.m. on the following day (October 28, 2015), requesting additional information and authorities, which Intervener's counsel provided on October 29, 2015. CADOP received Plaintiffs' final

answer, refusing the request for intervention, on Wednesday, November 4, 2015. Its counsel immediately began preparing this motion to intervene.

20. The Secretary of State's response to the complaint is not due for more than a month—on December 28—because Plaintiffs obtained a waiver of service. *See* Waiver of Service of Summons (Dkt. #12); Fed. R. Civ. Proc. 4. If intervention is granted, CADOP would be prepared to file its own responsive pleading by that date as well. CADOP does not propose to raise any new claims. Given the present posture of this case, CADOP anticipates that its "defenses" will consist almost completely, if not completely, of responding to questions of law and fact raised by the Complaint itself.

21. So far as CADOP is am aware, no motions have been filed, and no other proceedings have been scheduled, except for a Scheduling Conference set for January 25, 2016, *see* Order Setting Scheduling Conference (Dkt. #13), in which CADOP would be fully prepared to participate.

22. CADOP does not propose to delay the conduct of this action at all, but seeks expeditious resolution of this case.

23. Intervention is proper under both Fed. R. Civ. Proc. 24(a) & (b).

**PRAYER**

WHEREFORE, Intervener CADOP prays for judgment as follows:

That the Court deny any relief to Plaintiffs, and that intervener be awarded costs of suit and such other further relief as the Court deems just and proper.

Dated: November 11, 2015

NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP

By: /s/ Christopher E. Skinnell
Christopher E. Skinnell

*Attorneys for Intervener-Defendant*
CALIFORNIANS TO DEFEND THE OPEN PRIMARY