KEVIN J. MINNICK (STATE BAR NO. 269620)
Kevin.Minnick@probonolaw.com
ZACHARY M. FAIGEN (STATE BAR NO. 294716)
Zack.Faigen@probonolaw.com
MAXIMILLIAN W. HIRSCH (STATE BAR NO. 301872)
Maximillian.Hirsch@probonolaw.com
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

BRENDAN HAMME (STATE BAR NO. 285293)
BHamme@aclusocal.org
ACLU OF SOUTHERN CALIFORNIA
1851 East 1st Street, Suite 450
Santa Ana, California 92705
Telephone: (714) 450-3963

Attorneys for Plaintiffs
EMIDIO "MIMI" SOLTYSIK
JENNIFER MCCLELLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIDIO "MIMI" SOLTYSIK; JENNIFER MCCLELLAN, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX PADILLA, in only his official capacity as Secretary of State; DEAN LOGAN, in only his official capacity as Registrar-Recorder / County Clerk of the County of Los Angeles, <br><br> Defendants, <br><br> CALIFORNIANS TO DEFEND THE OPEN PRIMARY, <br><br> Intervenor-Defendant. | CASE NO.: 2:15-cv-7916-AB-GJS <br><br> PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DOCUMENTS 51-1 AND 51-2 <br><br> Date: March 14, 2016 <br> Time: 10:00 a.m. <br> Courtroom: 4 <br> Judge: Hon. Andre Birotte, Jr. |

## I. CADOP Has Not Rebutted That Rule 11-7 Applies To Appendix A

Plaintiffs' Motion to Strike established that Local Rule 11-7 forbids appendices containing material belonging in the body of a brief. Intervenor-Defendant CADOP does not contend otherwise in its Opposition to Plaintiffs' Motion to Strike Documents Nos. 51-1 and 51-2, ECF No. 57 ("Opposition"). Instead, CADOP contends that Attachment A "was a table that merely summarized . . . an argument made at length in the reply brief." (Opposition at 1.) CADOP states that Attachment A did not "present[] new arguments exceeding the scope of the arguments that CADOP made in its briefing . . . ." (*Id.*)

CADOP's argument is unresponsive to Local Rule 11-7. Rule 11-7 is not aimed at "new arguments" but states that "[a]ppendices shall not include any matters which properly belong in the body of the memorandum of points and authorities or pre-trial or post-trial brief." Local Rule 11-7. The question, then, is not whether Attachment A contains an entirely new argument, but whether Attachment A contains materials which "properly belong" in CADOP's Reply Brief. It does, as CADOP acknowledges.

## II. Attachment A Is Not A Summary Of Arguments In CADOP's Reply Brief

To avoid Rule 11-7, CADOP characterizes Attachment A as a summary of certain of its arguments in the underlying Reply. (Opposition at 1.) This account has it backwards; the Reply, by its own terms, provides the "summary," whereas Attachment A provides the underlying arguments. CADOP's Reply states that the "table contained in Attachment A *demonstrates the parallels in minute detail, but in summary* . . ." before giving a partial version of the information contained in Attachment A. (Reply at 9 (emphasis added).) Thus, Attachment A is not a summary, but instead provides in "minute detail" what the Reply could only "summar[ize]." Indeed, a quick review of Attachment A reveals lengthy parentheticals and different pincites than those contained in CADOP's Reply. (*Compare* Reply at 9-11 *with* Attachment A.) Under CADOP's logic, a party could

avoid page limits by inserting placeholder summaries of arguments in their briefs, leaving the "minute detail" of the argument for an attached Appendix. This is improper under Local Rule 11-7.

### III. CADOP Relies On Inapposite Case Law, And Misreads *Rodriguez*

CADOP cites *Fisher v. Monster Beverage Corp.*, No. EDCV 12-02188-VAP (OPX), 2013 WL 4804385, at *15 n.7 (C.D. Cal. July 9, 2013) for the proposition that Attachment A is proper as a tabulation. In that case, defendant Monster argued, within its motion to dismiss, that "'the vast majority of Plaintiffs' allegations' are irrelevant." *Id.* at *15. Monster then attached an appendix which listed "in tabular format, FAC allegations that Monster asserts are irrelevant." *Id.* at *15 n.7. Monster's appendix contained no legal arguments or case law, and it did not go into "minute detail." For those reasons, Monster's table is distinguishable from Attachment A, and *Fisher* is inapplicable here. Next, CADOP cites *Adams v. Gateway*, a case from the District of Utah. *Adams* ruled that an appendix which "adds nothing new to the record" should not be stricken. *Adams v. Gateway, Inc.*, No. 2:02-CV-106 TS, 2004 WL 2061884, at *4 (D. Utah Sept. 14, 2004). Of course, the District of Utah is not bound by Local Rule 11-7, making *Adams* inapplicable here.

CADOP also attacks Plaintiffs' reliance on *Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 1012, 1016 (C.D. Cal. 2014). However, CADOP misreads *Rodriguez* when it argues that the case "merely held that a party's attempt to incorporate improper legal conclusions into *declarations* violates Local Rule 11-7." (Opposition at 2.) *Rodriguez* does discuss declarations, 96 F. Supp. 3d at 1027, but *Rodriguez* also finds earlier in the order, under Local Rule 11-7, that "the Court considers only the legal arguments made in Plaintiffs' Motion, Defendants' Opposition, and Plaintiffs' fifteen-page Reply" as "both parties violated the local rules . . . by *filing appendices containing excessive, and improper, legal arguments*." *Rodriguez*, 96 F. Supp. 3d at 1016. The ruling on the improper appendices, then,

2

**1** was distinct from the ruling on the improper declarations. *Rodriguez* supports
**2** striking Attachment A.

### IV. Plaintiff's Request In The Alternative To File A Response To Attachment A Was Proper

In the Motion to Strike, Plaintiffs asked the Court, in the alternative, for the opportunity to rebut Attachment A if the Court did not strike it. *See Greene v. Alan Wexler Group Charter Services*, LLC, No. 2:09-CV-0748-JCM-NJK, 2014 WL 1347788, at *2 (D. Nev. Apr. 4, 2014) (stating motions to strike "routine[ly]" consist of arguments that "in the alternative, the movant wishes an opportunity to respond" in the event the improper argument "is not stricken"). CADOP cites cases suggesting that a surreply is improper "where defendant's reply merely reiterated prior arguments" as long as the reply did not "raise new issues or present new evidence." (*See* Opposition at 2.)

As established by the Motion to Strike, Attachment A does not merely reiterate prior arguments. In fact, as CADOP admits, Attachment A presents new argument by going into "minute detail" with additional analyses regarding an important issue. Therefore, in the alternative, Plaintiffs respectfully request that if the Court does not strike Attachment A, in fairness, Plaintiffs should have the ability to rebut. (*See* Ex. 1 to the Declaration of Kevin J. Minnick, filed with the Motion to Strike.)

### V. The Proposed Order Is Improper

Plaintiffs do not dispute that CADOP was required to submit a separate proposed order in connection with its motion to dismiss. Plaintiffs also agree that the proposed order can provide some analysis of the claims. What a proposed order cannot do is offer "analysis that far exceeds the scope of the argument presented in the underlying briefing and is likely improper argument[.]" *Khadera v. ABM Industries Inc.*, 701 F. Supp. 2d 1190, 1196 (W.D. Wash. 2010), which is not disputed by CADOP.

It strains credulity to suggest that an eleven page proposed order with detailed argument sections is anything but an attempt to add analysis beyond the page limit permitted in reply. For instance, CADOP contends that the *Field* parenthetical referred to in the Motion to Strike, used in the Proposed Order to support an argument related to compelled speech, is cited twice in CADOP's reply brief. (Opposition at 3.) However, the Reply pages cited to by CADOP do not quote any language from *Field* and are completely unrelated to compelled speech. This new parenthetical from *Field* "exceeds the scope of the argument" presented by CADOP in its Reply. Despite CADOP's contentions to the contrary, like Attachment A, the Proposed Order is improper and should be stricken.

DATED: March 11, 2016

By:    */s/ Kevin J. Minnick*
           Kevin J. Minnick
           Attorneys for Plaintiffs