MARY C. WICKHAM, County Counsel
NICOLE DAVIS TINKHAM, Assistant County Counsel
GINA EACHUS, Senior Deputy County Counsel
(SBN 272092) • *GEachus@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1832 · Fax: (213) 617-7182

Attorneys for DEAN LOGAN

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

EMIDIO "MIMI" SOLTYSIK; JENNIFER MCCLELLAN,

Plaintiff,

v.

ALEX PADILLA, in only his official capacity as Secretary of State; DEAN LOGAN, in only his official capacity as Registrar-Recorder/County Clerk of the County of Los Angeles,

Defendant,

CALIFORNIAS TO DEFEND THE OPEN PRIMARY,

Intervenor-Defendant.

CASE NO. 2:15-CV-7916

**DEFENDANT DEAN C. LOGAN'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Dean C. Logan, in his official capacity as the Registrar-Recorder/County Clerk of the County of Los Angeles submits this Answer in response to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") (Dkt. 1). Defendant answers, in paragraphs corresponding to the Complaint's paragraphs, as follows:

1. Defendant admits that Proposition 14 changed the primary election

system for certain congressional and state elective offices by allowing any voter to vote for any candidate regardless of the voter or the candidate's party registration, if any. Defendant admits that, for each office, the two candidates with the highest number of votes in the primary election advance to compete in the general election. Defendant admits that political parties do not nominate candidates for the general election in that system. To the extent that the allegations contained in Paragraph 1 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 1.

2. Defendant denies the allegations in the first sentence of Paragraph 2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in second sentence of Paragraph 2, and on that basis denies them. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 2.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies them.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in first sentence of Paragraph 4, and on that basis denies them. Defendant admits that California Elections Code § 5100 provides the conditions by which a party is qualified to participation in a primary election. Defendant further responds that the cited statute speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. To the extent that the allegations contained in Paragraph 6 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 6. To the extent that any facts are alleged, Defendant denies the allegations.

7. To the extent that the allegations contained in Paragraph 7 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that any facts are alleged, Defendant denies the allegations.

8. To the extent that the allegations contained in Paragraph 8 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that any facts are alleged, Defendant denies the allegations.

9. To the extent that the allegations contained in Paragraph 9 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 9.

10. To the extent that the allegations contained in Paragraph 10 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. Defendant admits that Plaintiffs filed this Complaint, which speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. Defendant denies the allegations in Paragraph 11.

12. Defendant admits that, if the Court has jurisdiction over Plaintiffs' claims, venue is proper in this District. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 12.

## PARTIES

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies each and every allegation contained therein.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies each and every allegation contained therein.

15. Defendant admits that Alex Padilla is the California Secretary of State. Defendant admits that Alex Padilla in his official capacity administers and enforces certain provisions of the California Elections Code. Defendant admits that Alex Padilla certifies the results of state and federal election contests in California. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits that Dean Logan is Los Angeles County's Registrar-Recorder/County Clerk. Defendant admits that Dean Logan in his official capacity administers certain aspects of the primary election for the office of State Assembly members in Los Angeles County. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 16.

**STATEMENT OF FACTS**

17. To the extent that the allegations contained in Paragraph 17 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 17. Defendant admits that prior to the passage of Proposition 14, qualified political parties nominated candidates for the general election by way of primary elections. Defendant admits that the rules of each qualified political party determined in part who may vote on the party's nominee. Defendant denies the remaining allegations of Paragraph 17.

18. To the extent that the allegations contained in Paragraph 18 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 18. The California Elections Code speaks for itself. Defendant denies the remaining allegations of paragraph 18.

19. The California Elections Code speaks for itself. To the extent that the allegations contained in Paragraph 19 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 19.

20. Defendant admits that in 2010, the State Legislature referred Proposition 14 to the voters and Proposition 14 was passed by voters. Defendant admits that the Legislature passed Senate Bill 6 to implement Proposition 14. To the extent that the allegations contained in Paragraph 20 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the remaining allegations in Paragraph 20.

21. Defendant admits that Proposition 14 amended Section 5 and Section 6 of Article II of the California Constitution. The Constitution speaks for itself. To the extent that facts are alleged, Defendant denies the remaining allegations in Paragraph 21.

22. The California Elections Code speaks for itself. To the extent that facts are alleged, Defendant denies the remaining allegations in Paragraph 22.

23. The California Constitution and Elections Code speak for themselves. To the extent that the allegations contained in Paragraph 23 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 23.

24. Defendant denies that the referenced document is available at the cited internet address. The California Elections Code speaks for itself.

25. The California Elections Code speaks for itself. Defendant admits that an individual does not need to belong in a qualified political party to be a candidate in the primary election for voter-nominated offices. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 25.

26. Defendant admits that, after the effective date of Proposition 14, any candidate for statewide, legislative, or congressional offices may be placed on the primary election ballot by filing a declaration of candidacy, nomination papers with up to 100 voter signatures, and paying a filing fee. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 26.

27. Defendant admits that the top-two primary election system applies only to statewide, legislative, and congressional offices. Defendant admits that presidential elections and party leadership elections operate differently. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 27.

28. The California Elections Code speaks for itself. Defendant admits that California Elections Code section 5100 is currently in effect. Defendant admits that California Elections Code section 5100 was not amended by Proposition 14. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 28.

29. Proposition 14 and the California Elections Code speak for themselves. To the extent that facts are alleged, Defendant denies the remaining allegations in Paragraph 29.

30. The California Elections Code speaks for itself. To the extent that facts are alleged, Defendant denies the remaining allegations in Paragraph 30.

31. The California Elections Code speaks for itself. To the extent that facts are alleged, Defendant denies the remaining allegations in Paragraph 31.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and on that basis denies each and every allegation contained therein.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and on that basis denies each and every allegation contained therein.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and on that basis denies each and every allegation contained therein.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and on that basis denies each and every allegation contained therein.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 36, and on that basis denies each and every allegation contained therein. The cited case speaks for itself. To the extent that the allegations contained in Paragraph 36 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 36.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies each and every allegation contained therein.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and on that basis denies each and every allegation contained therein.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and on that basis denies each and every allegation contained therein.

40. Defendant denies the allegations in the first sentence of Paragraph 40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 40, and on that basis denies each and every allegation contained therein. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 40.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies each and every allegation contained therein

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and on that basis denies each and every allegation contained therein.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and on that basis denies each and every allegation contained therein.

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and on that basis denies each and every allegation contained therein.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and on that basis denies each and every allegation contained therein.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. To the extent that the allegations contained in Paragraph 49 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and on that basis denies each and every allegation contained therein. To the extent that additional facts are alleged, Defendant denies the allegations in Paragraph 49.

50. The California Elections Code speaks for itself. To the extent that additional facts are alleged, Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 52, and on that basis denies each and every allegation contained therein. Defendant denies the remaining allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Proposition 14 and the Ninth Circuit's opinion in *Chamness v. Bowen* speak for themselves. To the extent that the allegations contained in Paragraph 54 are characterizations made by Plaintiffs' of its case and contain legal conclusions, no response is required. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in the first sentence of Paragraph 55. The cited case speaks for itself. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in the first sentence of Paragraph 56. The cited case speaks for itself. To the extent that facts are alleged, Defendant denies the allegations in Paragraph 56.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57, and on that basis denies each and every allegation contained therein.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58, and on that basis denies each and every allegation contained therein.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59, and on that basis denies each and every allegation contained therein.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in of Paragraph 60, and on that basis denies each and every allegation contained therein.

61. Assembly Bill 1413 and its legislative history speak for themselves. Defendant denies the remaining allegations of Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in of Paragraph 63, and on that basis denies each and every allegation contained therein.

64. Assembly Bill 1413 and its legislative history speak for themselves. Defendant denies the remaining allegations of Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

**FIRST CAUSE OF ACTION**

66. Defendant incorporates by reference his response to each of the allegations in Paragraphs 1 through 65 as if fully set forth herein.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

69. Defendant denies the allegations of Paragraph 69.

70. Defendant denies the allegations of Paragraph 70.

**SECOND CAUSE OF ACTION**

71. Defendant incorporates by reference his response to each of the allegations in Paragraphs 1 through 70 as if fully set forth herein.

72. Defendant denies the allegations of Paragraph 72.

73. Defendant denies the allegations of Paragraph 73.

**THIRD CAUSE OF ACTION**

74. Defendant incorporates by reference his response to each of the allegations in Paragraphs 1 through 73 as if fully set forth herein.

75. Defendant denies the allegations of Paragraph 75.

76. Defendant denies the allegations of Paragraph 76.

Defendant further denies that Plaintiffs are entitled to the relief set forth in their Requests for Relief immediately following Paragraph 76 or to any relief.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses in response to the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

2. The Complaint and any cause of action alleged therein is barred because no actual controversy exists between the parties.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiffs' claims in this action are barred in that they do not have standing to bring them.

**FOURTH AFFIRMATIVE DEFENSE**

4. Defendant has not knowingly or intentionally waived any applicable affirmative defense. Defendant reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend their answer and/or affirmative defenses accordingly. Defendant further reserves the right to amend this answer to delete affirmative defenses that are determined to not be applicable after subsequent discovery.

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by reason of the Complaint;
2. Judgment be entered in favor of Defendant;
3. Defendant be awarded his costs incurred in defending this action; and

4. Defendant be awarded such further relief that the Court may deem appropriate.

DATED: April 10, 2019

Respectfully submitted,

MARY C. WICKHAM
County Counsel

By /s/ *Gina V. Eachus*
GINA V. EACHUS
Senior Deputy County Counsel

Attorneys for Dean Logan, in his official capacity as Registrar-Recorder/County Clerk of the County of Los Angeles